Morris A. DeCONINK, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 29036.

Missouri Court of Appeals,
Kansas City District.

Oct. 11, 1977.

Robert N. Adams, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Kansas City, for respondent.

Before SWOFFORD, C. J., DIXON, J., and PRITCHARD, P. J.

PRITCHARD, Presiding Judge.

Appellant had pleaded guilty to charges of forgery and tampering on January 5, 1976, as a result of plea bargaining between his counsel, Ms. Edith Messina, and the prosecuting attorney. He now seeks to vacate the convictions and sentence under Rule 27.26 upon the grounds that he was denied effective assistance of counsel because of an alleged conflict of interest of counsel by reason of her prior representation of one Sharon Cox, who was charged earlier in conjunction with the charges brought against appellant; and that he was led to believe that if he did not plead guilty, charges would be filed against Sharon. Apparently, Sharon was the woman with whom appellant had lived and by whom he had fathered children.

Appellant testified that Ms. Messina told him that based upon the evidence in the case, the prosecutor would probably file charges against Sharon if he did not plead guilty. Ms. Messina, in testifying, denied

this and also testified that she did nothing to coerce appellant to plead guilty. This initial conflict in the testimony, which was for the trial court to resolve, disposes of appellant's first point (mentioned secondly above) adversely to him. *Beavers v. State,* 520 S.W.2d 675, 679[2] (Mo.App.1975).

Sharon Cox testified for movant that she had earlier been charged criminally in conjunction with the charges brought against appellant, and that Ms. Messina, who represented her in those cases, asked her if she would testify against appellant to better her own case. Sharon never did testify against appellant, but did enter her plea of guilty to a forgery charge in January, 1975, was sentenced to two years imprisonment, placed on probation, but the probation was later revoked.

In this connection, Ms. Messina testified that appellant told that he had committed the crimes with which he was charged; that in plea negotiations, no mention was made as to whether the state would file charges against Sharon; that she discussed the plea bargain arrangements with appellant and his mother and sister before he entered his plea; that she filed a motion to withdraw as appellant's counsel because of her belief that there was a potential conflict of interest by reason of her *prior* representation of Sharon; that she informed appellant of the potential conflict, but he had no objection to her continuing as her attorney, which fact he stated to the court at the guilty plea hearing. (Italics added.) Ms. Messina testified further that "Sharon's cases had been taken care of, period. I did not represent both of them at this particular time. I represented only Morris, because Sharon's was already done at this point. So there was nothing else to be done with Sharon's cases when it was filed." Sharon was not endorsed as a witness on the charge against appellant. As to her motion to withdraw as counsel, Ms. Messina testified: "A. They were based on a potential conflict that there was a very slim possibility that Sharon might be called upon to testify against Morris, however, she was not endorsed as a witness. There had been no attempt by the prosecution to bring her back to testify against him, and absent that, I didn't see a conflict. Q. Then the conflict did not develop; is that correct? A. Not to my mind it didn't, no. Q. Did your representation of Sharon Cox or Sharon DeConink in any way detract from your representation of Morris DeConink? A. No. Morris's cases were fully investigated over and above anything that was done for Sharon, and I have to reiterate that I do not believe that Sharon was charged with the same check that Morris was charged with. Those were not the same cases." [In view of this latter statement, the record is not clear as to Sharon being charged in connection with charges against appellant, as above noted.]

█ It is apparent from the foregoing that there was no actual conflict of interest in Ms. Messina representing appellant, who acquiesced in her continued representation of him upon being informed of the potential conflict in the prior representation of Sharon. The burden of proof to show any actual conflict of interest was upon appellant. The claim cannot be sustained on the basis of speculation, and will not be upheld absent evidence of actual conflict of interest or evidence pointing to a substantial possibility of conflict of interest as between the co-defendants. *Peterson v. State of Missouri,* 355 F.Supp. 1371, 1388 (W.D.Mo. 1973). See also *State v. Cox,* 539 S.W.2d 684, 687 (Mo.App.1976), holding that there is no deprivation of constitutional right where a defendant knowingly consents to being represented by counsel who also represents a prosecution witness. Clearly, there was a waiver here of any potential conflict in Ms. Messina's earlier representation of Sharon, who was not even shown to have been a prosecution witness against appellant.

█ The further facet of this case is the fact that appellant, without question, knowingly and voluntarily entered his plea of guilty to the charges against him. In that circumstance, it becomes immaterial as to the adequacy of counsel's representation.

*Williams v. State*, 508 S.W.2d 211, 213 (Mo. App.1974).

The judgment is affirmed.

All concur.