**STATE of Missouri, Respondent,**

v.

**Dennis Lee MORGAN, Appellant.**

**No. 61504.**

Supreme Court of Missouri,
En Banc.

Feb. 9, 1981.

Cynthia Holmes, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Steven Garrett, Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM.

The United States Supreme Court remanded the within cause to this Court with directions to reconsider the appeal in light of *Whalen v. United States,* 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980). *Morgan v. Missouri,* —— U.S. ——, 101 S.Ct. 56, 66 L.Ed.2d 12 (1980). The prior opinion of this Court is reported at 592 S.W.2d 796 (Mo. banc 1980). In the context of this appeal, *Whalen* requires a determination as to whether the legislature (the General Assembly of the State of Missouri) intended that a defendant found guilty of killing another while committing the felony of stealing over fifty dollars and who is thereby guilty of second degree felony murder should be punished for both the underlying felony and the homicide or for second degree felony murder alone.

In compliance therewith, we redocketed the cause, heard further arguments and have reconsidered the issue presented. While *Morgan v. Missouri, supra,* was pending in the United States Supreme Court, this Court decided *State v. Olds,* 603 S.W.2d 501 (Mo. banc 1980), which considered whether the legislature intended, by the enactment of § 565.003, RSMo, to allow separate and cumulative punishments for the underlying felony and for first degree (felony) murder. Therein, this Court held that the legislature of this state did not so intend, as did the United States Supreme Court in the similar case of *Whalen v. United States,* 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980).

The reasoning of *Olds* is applicable to the instant case and is adopted herewith on the *Whalen* issue. *Cf. Sours v. State,* 603 S.W.2d 592 (Mo. banc 1980), *cert. denied,* —— U.S. ——, 101 S.Ct. 953, 67 L.Ed.2d 118 (1981). As noted in *Olds,* footnote 3, the issue herein considered was addressed by the legislature, effective January 1, 1979, by the enactment of §§ 556.041—556.-046, RSMo 1978 (L.1977, S.B. No. 60, p. 662), placing a limitation on convictions for multiple offenses.

For the reasons indicated, the prior opinion in this cause is readopted except for the final disposition which is modified as set forth infra.

The judgment and sentence for the offense of stealing over fifty dollars is reversed and for naught held; the judgment and sentence for murder in the second degree is affirmed.