Nelson Eugene **BARKWELL,**
**Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 11994.**

Missouri Court of Appeals,
Southern District,
Division Two.

July 20, 1981.

David R. Fielder, Springfield, for movant-appellant.

John D. Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Judge.

Nelson Eugene Barkwell was denied post-conviction relief, under Rule 27.26, V.A.M.R., from consecutive sentences for stealing and filed this appeal. The trial court found that he was not prejudiced by his trial attorney's failure to timely file his motion for new trial. We affirm.

Movant alleged he had ineffective assistance of counsel because the motion for new trial was late and on direct appeal [*State v. Barkwell*, 590 S.W.2d 93 (Mo.App.1979)] we refused to review his "most meritorious point."

In movant's direct appeal three points were set forth. Even though the motion for new trial was filed late, we reviewed two of the points under former Rule 28.02, V.A.M.R. [now Rule 30.20, V.A.M.R.].[1] We did decline to review the remaining point because it was directed to the trial court's ruling with respect to the admissibility of certain evidence and was not preserved for review by the untimely motion for new trial.

■ The test for ineffective assistance is two-pronged: First, whether counsel exercised the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstance; second, whether counsel's failure to exercise such skill and diligence resulted in prejudice to his client. *Seales v. State*, 580 S.W.2d 733 (Mo.banc 1979).

■ The trial court, in a written opinion, determined that movant's trial attorney had failed to exercise the requisite skill and diligence in filing the motion for new trial out of time. However, after reviewing the claim of error as to evidence admitted, in light of the trial transcript and records, the court concluded no prejudice resulted to movant by this allegation not being preserved for our review. We agree. The evidence of movant's threats to another to induce her to unlawfully withdraw county funds and turn them over to him was relevant on the stealing charges of which movant was convicted.

The judgment is affirmed.

All concur.

---

1. Rule 30.20, V.A.M.R., provides: "Allegations of error which are not briefed on appeal will not be considered by the appellate court except errors respecting the sufficiency of the information or indictment, verdict, judgment or sentence. Whether briefed or not, plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom."