**Desi Lamont HENDERSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 32078.**

Missouri Court of Appeals,
Western District.

Jan. 12, 1982.

Joseph C. Matteson, Columbia, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before KENNEDY, P. J., and SHANGLER and WASSERSTROM, JJ.

KENNEDY, Presiding Judge.

Appellant appeals from the trial court's denial, after an evidentiary hearing, of his Rule 27.26 motion. The motion sought to set aside his 1978 convictions of first-degree robbery and of assault with intent to do great bodily harm. The convictions were based upon guilty pleas.

Movant's points in his brief are that the trial court erred in his denial of relief in certain particulars:

## I

■ His first point is that the assault and robbery were one continuous event, that his conviction of the two crimes subjected him to double jeopardy, and that the trial court erred in not granting him relief on that ground.

The facts of the robbery and assault were that the movant by the pretended use of a gun had robbed a service station attendant of a sum of money. After the money was delivered to him he forced the victim to lie down on the floor of a back room of the service station. The victim seized the legs of the movant who seized a baseball bat and struck the victim on the head.

The assault was not a part of the robbery, but was made after the robbery was complete in order to effect an escape. This was not a single continuous event, but were separate acts. Movant's conviction of both did not violate his rights against double jeopardy. *State v. Collett*, 526 S.W.2d 920, 933 (Mo.App.1975); *State v. Ross*, 523 S.W.2d 841, 844 (Mo.App.1975); *Ex parte Chapman*, 43 Cal.2d 385, 273 P.2d 817 (banc 1954).

## II

Movant's second point is that he received ineffective assistance of counsel in that his counsel failed to advise him that conviction of both offenses would constitute double jeopardy. Our ruling on the first point, that conviction of both offenses did not constitute double jeopardy, disposes of this point also.

## III

■ Movant's third point relates to the denial of relief on the ground that he entered his guilty plea upon the mistaken belief that a confession—alleged by him to have been involuntary, and therefore suppressible—could be used against him at trial.

This allegation is refuted head-on by the transcript of the guilty plea proceeding. The trial judge in the guilty plea proceeding advised the movant that if his confession was shown to be involuntary it would be suppressed. Movant stated that it was not only because of the confession that he was pleading guilty and chose to stand on his guilty plea.

Movant's precise complaint under this heading is that the court erred "in deciding that appellant's claim that his plea of guilty was not voluntarily and understandingly made did not state facts to support the claim and that it did not present a ground for relief". The court did make the finding complained of, but nonetheless heard evidence on the allegation and ruled the same on the merits, adversely to movant.

## IV

Finally, for his fourth point, movant makes the following complaint:

The trial court committed clear error in concluding that Appellant's third point in his motion (as consolidated by the trial court—that counsel was ineffective in not seeking to suppress the confession and line-up evidence) was without merit due to failure to make factual allegations and due to the effect of a guilty plea on any flaws in the rights waivers, confession and line-up because: (a) Appellant produced, at the hearing on his motion, evidence that the rights waivers and confession were made following various threats and promises by the police and that the line-up presented individuals of varying heights, hair-styles, build, and clothing; and (b) the effect of those flaws could not be vitiated by Appellant's guilty plea because it was improper, as set out in Point III of this Brief.

■ The trial court was correct in determining that the movant by his voluntary guilty plea waived all complaints of nonjurisdictional, procedural and constitutional infirmities at any prior stage of the proceeding. *Kearns v. State*, 583 S.W.2d 748, 751 (Mo.App.1979); *Floyd v. State*, 518 S.W.2d 700, 703 (Mo.App.1975). The court

did, however, hear movant's testimony. We have searched movant's pleading and his testimony on the Rule 27.26 hearing, and we fail to find any allegation on his part that any ineffectiveness of counsel in failing to file a motion to suppress the waiver of *Miranda* rights and the lineup identification, or in failing to advise defendant of the availability of a motion to suppress the same, entered in any way into his decision to enter a guilty plea. See *Kearns v. State,* supra.

The judgment is affirmed.

All concur.