Louis YOUNG, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 33373.

Missouri Court of Appeals,
Western District.

Oct. 5, 1982.

As Modified Nov. 30, 1982.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Nov. 30, 1982.

Application to Transfer Denied
Jan. 17, 1983.

James W. Fletcher, Public Defender,
Gary L. Gardner, Asst. Public Defender,
Kansas City, for appellant.

John Ashcroft, Atty. Gen., Kristie Green,
Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P.J., and WASSERSTROM and MANFORD, JJ.

MANFORD, Judge.

This appeal is from order judgment overruling a motion for post-conviction relief pursuant to Rule 27.26. The judgment is affirmed.

Movant presents two points which in summary charge the trial court erred in (1) concluding two separate assaults occurred and (2) in concluding appellant pleaded guilty to assault with malice aforethought.

As a result of a plea bargain, movant entered his plea of guilty to robbery first degree (§ 560.120 RSMo 1969) and assault with intent to do great bodily harm with malice aforethought (§ 559.180 RSMo 1969). The plea was entered on December 20, 1977. Following a pre-sentence investigation, movant was sentenced to terms of five years (robbery) and fifteen years (assault), said sentences to be served consecutively. On May 23, 1980, appellant filed a pro se motion pursuant to Rule 27.26. Counsel was appointed and movant afforded an evidentiary hearing pursuant to the rule in *Fields v. State,* 572 S.W.2d 477 (Mo. banc 1978).

The record reveals the following pertinent facts. At approximately 10:00 p.m. August 25, 1977, the victim, Father Norman Rotert, a priest at St. Therese Church, was in the rectory garage placing items in his automobile. Movant entered the garage, confronted the victim and demanded the victim's money. Movant testified that he had his hand in his shirt, making it appear movant had a gun. Movant's demand for money threatened the death of the victim if the victim did not comply. At this moment, the victim had two bottles in his hand. *The victim reached into his pocket and gave movant a dollar and some change. Movant was dissatisfied with the amount of money and made a second verbal threat. At this point, the victim turned his pockets inside out to show he had no more money.* At this point, movant became "agitated" and grabbed for one of the bottles in the victim's hands. The victim, fearful that he was going to be struck by movant with one of the bottles, grabbed movant in a headlock. A struggle between the two occurred

during which movant struck the victim with one of the bottles twice and cut the victim with the bottle on the neck and face. The victim maintained his headlock on movant and managed to gain possession of a tire tool. The victim struck movant twice on the head with the tire tool. Movant fled the scene. Movant was later arrested during which he resisted and suffered a fractured jaw.

Following an evidentiary hearing on the 27.26 motion, the trial court entered its findings of fact, conclusions of law, and judgment. Review by this court is limited to the determination whether those findings, conclusions, and judgment were clearly erroneous. *Richardson v. State,* 617 S.W.2d 76 (Mo.App.1981).

In its findings, conclusions, and judgment, the trial court found that there were two separate crimes, i.e., armed robbery and assault. The trial court also found that the rule in *State v. Richardson,* 460 S.W.2d 537 (Mo. banc 1970) was not applicable.

Movant attacks the findings, conclusions, and judgment alleging (1) there was only one crime, to wit, a robbery, and the striking and cutting of the victim was included within the act of robbery and, thus, he was placed in double jeopardy under the rule in *Richardson,* supra, and (2) appellant pleaded guilty only to assault with malice and not to the greater offense of assault with malice aforethought.

As to point (1), the record dispels movant's contention. The evidence reveals that movant secreted his hand under his shirt making it appear that he had a gun. He demanded the victim's money under the threat of killing him. The victim complied by giving movant all of his money (a dollar and some change). Then, movant apparently dissatisfied with such a small amount, became agitated and made an additional demand accompanied by a threat to the victim. The victim then turned his pockets inside out to show movant that he had no more money. At this point, movant grabbed for a bottle in the victim's hand. The victim, thinking movant was going to

strike him with a bottle, engaged in a struggle with movant during which movant struck and cut the victim about the head and neck with the bottle.

The evidence established two separate crimes: a robbery and an assault. The striking and cutting of the victim occurred *after* movant had robbed his victim. Neither the rule in *Richardson,* supra, nor that in *State v. Parsons,* 513 S.W.2d 430 (Mo. 1974) prohibiting the splitting of a single criminal act; *State v. Neal,* 514 S.W.2d 544 (Mo. banc 1974) prohibiting conviction for two charges of assault, one in conjunction with a robbery and the other a separate offense plus the robbery; *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969) prohibition against multiple punishments—control under the facts and circumstances of the instant case.

It should be noted in *Richardson,* supra, that the court cited *Ex parte Chapman,* 273 P.2d 817, 43 Cal.2d 385 (1954) to illustrate in what factual instance the double jeopardy prohibition would not apply. The instant case comes within *Chapman,* supra. In addition, the instant case comes within the rule announced in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) (See also *Sours v. State,* 603 S.W.2d 592 (Mo. banc 1980) and *State v. Charles,* 612 S.W.2d 778 (Mo. banc 1981)) in that, where double jeopardy is claimed, the applicable test is whether each offense requires proof of a fact that the other offense does not. In the instant case, movant completed an armed robbery by pretense of a weapon under his shirt accompanied by a threat upon the victim's life. The assault perpetrated by movant upon the victim was committed by use of a bottle. See also *State v. Brewer,* 630 S.W.2d 591 (Mo.App. 1982).

Point (1) is meritless and is ruled against movant.

■ Under point (2), · movant charges that since the charge of assault with intent to do great bodily harm with malice aforethought was never charged in the information, described in the information, nor referred to in the plea proceedings, the trial court erred in finding and concluding movant has pleaded to that charge.

In the first instance, movant's factual reference is not completely accurate. It is correct that the information in the caption reads "harm with malice" and the body of the information includes (under count II) the following "on purpose and of his malice aforethought." In addition, the information contains within the body thereof a description of the offense sufficient to charge movant with assault with malice aforethought. It is further correct that during the proceedings, the court references the offense as one with malice. On the surface, one might conclude that movant's contention was accurate. However, the record discloses certain pertinent facts which dispel that contention. In addition to the description of the offense and the use of the term "aforethought" within the body of the information, the record reveals that movant was questioned whether he had seen a copy of the information, whether it had been read to him and whether his counsel had explained and discussed the information with him. Movant assured the court he had ample opportunity to discuss the plea and his counsel had explained the information to him. In addition, the court *asked movant* if he understood the range of punishment. Movant, without hesitation, responded to the court, "two years to life". In movant's presence there was a discussion regarding the plea and it was declared on movant's behalf that one of the reasons the plea was being entered was movant expected a stiff penalty if the cause was tried.

Movant urges this case is within the rule in *State v. Hardnett,* 564 S.W.2d 852 (Mo. banc 1978) which prohibits the interchanging use of the terms malice and malice aforethought.

In *Hardnett,* our state Supreme Court noted the absence of any "reference to the term malice aforethought anywhere in the plea proceedings." To this point and if there were no further factors to consider, either in *Hardnett* or the instant case, *Hardnett* would control herein. However, in *Hardnett,* the court observed further "nor is the concept or element of malice

aforethought referred to by any definitional terms or *alluded to in any respect. (Hardnett* at 854) (emphasis added)

In *Hardnett,* it was noted that the 27.26 motion had been overruled without an evidentiary hearing. In the instant case, a hearing was held at which movant was present. The transcripts of the plea/sentencing proceedings were introduced without objection. Movant was present and testified. Movant *did not* testify in regard to his claim that he was erroneously sentenced pursuant to § 559.180, but rather his testimony was limited to his claim of double jeopardy relative to the charges of robbery/assault. Movant, by his not offering any testimony on this allegation, elected to stand on his motion and the transcript of the plea/sentencing proceedings.

While some would choose to believe that *Hardnett* declared the absence of the term *malice aforethought* from the face sheet of the indictment/information coupled with the absence of any definitional reference with the plea/sentencing proceedings immediately renders void any sentence imposed beyond the limit prescribed by § 559.190 (five years). The Supreme Court in *Hardnett* went further, however, by pointing out that in addition to the absence of the elements referenced above, there was also the absence of indirect reference to *malice aforethought in any respect.* The term employed by the court in *Hardnett* was *allude. Allude* is another expression for indirect reference. The court in *Hardnett* did not limit such indirect reference to the mere use of the term malice aforethought. It did not forbid the showing of such reference by proof of the conduct, awareness, perception and comprehension of an accused from the plea proceedings. We conclude that the court in *Hardnett* did not mean or intend to limit reference, either direct or indirect, by the mere use of the term malice aforethought, but rather in that case the court was pointing out that neither by the use of the term nor upon the evidence was it shown that *Hardnett* was aware of or comprehended his plea was pursuant to § 559.-180.

The record herein also reveals that movant acknowledged he understood what the evidence would be if the complaining witness were to appear. That evidence supported submission of the issue of the intent required under § 559.180. Movant, in his own account of the offense, testified that a scuffle occurred between the victim and movant, that movant was struck in the hand by the victim with a broken bottle, and that while the two were wrestling, the victim began hitting movant with a crowbar and that movant then took the bottle from the victim and "cut him on his face."

Unlike *Hardnett,* there is evidence upon the record herein to show that movant comprehended the charge against him pursuant to § 559.180. Movant testified that the information had been explained to him by his counsel. He was specifically asked if he had any questions concerning the assault charge to which movant responded, "No." Movant responded affirmatively when asked if he was aware that the state would recommend a substantial period in prison. Movant acknowledged that he understood everything about the plea. The ranges of punishment were discussed in movant's presence. The state, in movant's presence, recommended 30 years. Defense counsel, in movant's presence, in his plea for leniency, referenced the range of punishment of two years to life. Movant was directly asked by the court if he was aware of the range of punishment for the offense and movant stated, "Yes, two to life." Thus, what the record herein establishes is that a plea and the acceptance of that plea to the charge under § 559.180 was understood by movant, movant's family members, defense counsel, the prosecutor, and the court. Malice aforethought was *"alluded to "* by the facts and circumstances developed during the plea proceedings. It is clear that movant comprehended he was pleading guilty to assault with intent to do great bodily harm with malice aforethought. It has been noted by our courts that determination of the awareness or comprehension of an accused need not be accompanied by a statement, in legal terms, of each element of the offense with which he is charged. *McIntosh v. State,* 559 S.W.2d 598, 601 (Mo.App.1977). This court, in *McIntosh,* further noted,

"Having admitted facts sufficient to constitute the offense to which he pleaded, the defendant may not thereafter withdraw his plea on the grounds that he did not understand the nature of the offense."

For a more recent affirmation of these two principles, see *Lawrence v. State,* 607 S.W.2d 198, 200 (Mo.App.1980) and *Walker v. State,* 603 S.W.2d 14 (Mo.App.1980).

Upon the foregoing, it is found that *Hardnett* is distinguishable from and found not to be controlling in the instant case.

Movant's point (2) is found to be without merit and is ruled against him.

*McCrary v. State,* 529 S.W.2d 467 (Mo. App.1975) provides that a movant, pursuant to Rule 27.26, bears the burden of proving the courts findings, conclusions and judgment are clearly erroneous. See Rule 27.26 and *Richardson v. State, supra,* 617 S.W.2d 76 [Mo.App.1981]. Movant has failed to carry his burden.

The findings of fact, conclusions of law and judgment herein are found *not* to be clearly erroneous.

Judgment affirmed.

All concur.