David GREEN, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. WD 32759.

Missouri Court of Appeals,
Western District.

March 1, 1983.

Application for Transfer Sustained
May 3, 1983.

Case Retransferred Oct. 7, 1983.

Court of Appeals Opinion Readopted
Oct. 11, 1983.

John Pat Burnett of Quinn, Peebles, Beaird & Cardarella, Kansas City, for movant-appellant.

John Ashcroft, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before SOMERVILLE, C.J., and SHANGLER, PRITCHARD, DIXON, CLARK, MANFORD and KENNEDY, JJ.

MANFORD, Judge.

This is an appeal from a denial of post-conviction relief pursuant to a Rule 27.26 motion. Movant seeks to set aside his convictions and sentences by withdrawal of his multiple pleas of guilty. The judgment is affirmed in part and reversed in part and the cause remanded with instructions.

Movant's alleged errors are summarized as follows. The trial court erred when it made findings of fact that movant was indicted for murder first degree (felony murder), assault with intent to kill with malice aforethought and robbery first degree, and that each charge arose from the same incident, and then (1) entered a conclusion of law that movant was not twice placed in jeopardy by separate sentences on the charges of assault and robbery and (2) entered a conclusion of law that movant was not twice placed in jeopardy by separate sentences for murder and robbery. A third alleged error charges the court never made a finding of fact upon movant's allegation of ineffectiveness of counsel.

The facts pertinent to the issues on this appeal are as follows.

On January 31, 1977, movant and his accomplice (Brown) robbed a service station in Jackson County, Missouri. Both were armed and made use of handguns. One station attendant was seated at a desk when the robbers entered the station. Brown struck this attendant (hereinafter referred to as attendant no. 1) on the head with his gun and announced the robbery. Movant then displayed his gun and announced it was a robbery. Attendant no. 1 gave the robbers *cash* from his pocket. Brown then noticed that they had been spotted by another attendant (attendant no. 2) and Brown proceeded outside after attendant no. 2. Movant then observed a *wallet* in the right shirt pocket of attendant no. 1. Movant reached for the wallet. Attendant no. 1 then pushed back the chair in which he was seated and in movant's words, "reached in the drawer. He reached in the drawer and I shot him." Movant's shooting of attendant no. 1 resulted in the attendant being wounded in the mouth. Meanwhile outside, Brown fatally wounded attendant no. 2. Both robbers then fled the scene.

Movant was charged. In due course, the cause was called for trial and the jury impaneled. Prior to the introduction of evidence, movant entered his plea of guilty to all three charges. The plea hearing record reveals that movant chose to enter his pleas of guilty because, as shown in answer to the questions, "Are you pleading guilty simply because you are guilty?" (Answer, Yes) and "Are you pleading guilty for any reason other than the fact that you are guilty of the crime as charged?" (Answer, No), he was guilty of the offenses.

Upon his plea, he was sentenced on all three charges (murder-life imprisonment, assault–25 years, and robbery–10 years), all sentences to run concurrently. Sentence was entered on December 16, 1977. In July, 1980, movant filed (pro se) his motion for post-conviction relief pursuant to Rule 27.26. On December 11, 1980, movant, by counsel, filed his first amended motion. An evidentiary hearing was held. The court denied relief and this appeal followed.

While presented as separate alleged errors, the first two points on this appeal are so interrelated as to permit simultaneous disposition. Simply stated, movant charges that the trial court made a fact finding that all three charges arose out of the same incident. Movant seizes upon this expressed finding by the trial court and then

points out the trial court entered conclusions of law declaring that he was not twice placed in jeopardy by separate sentences on the charges of assault and robbery [(1) above), and that movant was not twice placed in jeopardy by separate sentences on the charges of murder and robbery, [(2) above].

Turning to (1) above, the facts as presented (principally by movant's own testimony) fail to support movant's contention on this point. Movant emphasizes the trial court's finding of "the same incident" and concludes this finding disposes of all the issues and mandates reversal. Movant contends that the assault (the shooting of attendant no. 1) occurred during the robbery and was therefore a part of the single crime of robbery. Movant assumes, and as discussed infra incorrectly, that since the court declared the offenses occurred during or as a result of "the same incident", this disposes of the matter. That assumption by movant is erroneous. Furthermore, the facts do not support movant's contention. The facts (by movant's own testimony) reveal a robbery had occurred by the giving/taking of *cash* from attendant no. 1 from the attendant's pocket. Upon the completion of these events, movant's accomplice proceeded outside and fatally wounded attendant no. 2. At this point, movant observed a *wallet* in the shirt pocket of attendant no. 1. Movant reached for the wallet and during this activity, attendant no. 1 reached "in the drawer" and with that, movant shot attendant no. 1 in the mouth.

Movant argues that this case comes squarely within *State v. Neal,* 514 S.W.2d 544 (Mo.banc 1974). *Neal* involved an armed robbery by three persons, one of whom ordered one of the victims to "get on the floor". During the compliance with this directive, the victim threw up his hand and "a shot was fired, which caused the loss of a finger." *Neal* at 547. Our state Supreme Court in *Neal* ruled that under the facts and circumstances of that case, the assault was a part of the robbery and a conviction for both robbery and assault under those precise facts and circumstances violated the

safeguard of double jeopardy. In *Neal,* the court affirmed in part and reversed in part. *Neal* is not controlling herein. *Neal* is not to be construed as a strict prohibition against conviction/sentencing for more than one offense arising out of the same occurrence or the same incident. To be sure, multiple convictions and punishments attending thereto will stand and are not violative of the guarantee as to double jeopardy, provided the facts and circumstances establish the commission of two separate and distinct offenses. *Baker v. State,* 584 S.W.2d 65, 69 (Mo.banc 1979).

The test for determining whether two offenses are "the same" for purposes of double jeopardy was established in *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). In *Blockburger,* the United States Supreme Court held that "[t]he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." See also *Whalen v. United States,* 445 U.S. 684, 691, 100 S.Ct. 1432, 1437, 63 L.Ed.2d 715 (1980) where *Blockburger* was applied as a "rule of statutory construction."

Our state Supreme Court has heretofore applied the *Blockburger* test. See *State v. McCrary,* 621 S.W.2d 266, 269 (Mo.banc 1981) (charges of arson first degree and assault first degree did not place accused in double jeopardy). Most recently, in a case analogous to the instant case, (involving charges and convictions for robbery first degree and assault first degree) our state Supreme Court ruled:

"The robbery charge required proof that defendant stole property while armed with a deadly weapon. The assault charge required proof that defendant knowingly caused serious physical injury to Cantwell by shooting him, and not simply that defendant employed physical force. Each offense requires proof of a fact the other does not, and conviction of both does not violate double jeopardy pro-

scription. *Blockburger v. United States,* 284 U.S. 299 [52 S.Ct. 180, 76 L.Ed. 306] (1932); *see State v. McCrary,* 621 S.W.2d 266 (Mo.banc 1981). Moreover, the act of force constituting the assault was not that which served as an element of the robbery charge. *See Thompson v. State,* 606 S.W.2d 263 (Mo.App.1980). The contention is quite without merit." *State v. Sprous,* 639 S.W.2d 576, 578 (Mo.1982).

The rule applied in *Sprous* is precisely applicable to the instant case. The act of force by movant herein, which constituted the assault upon attendant no. 1 (shooting him in the mouth), was not that which served as an element of the robbery charge. This latter act of force was the concurrent display of deadly weapons by movant and his accomplice, coupled with the striking of attendant no. 1 on the head with a weapon by Brown, both of which preceded the shooting of attendant no. 1. There is, in the instant case, a factual additive. Movant and his accomplice had, by armed threat and the striking of attendant no. 1, obtained *cash* from his person. Brown then departed the immediate area, chased down attendant no. 2 and murdered him. Movant then observed a wallet in the shirt pocket of attendant no. 1. Movant reached for the wallet. Attendant no. 1 "reached in the drawer" and movant shot the attendant in the mouth. For a recent decision regarding analysis of the evidence showing separate crimes and a denial of the argument that only one criminal act ensued, see *Young v. State,* 643 S.W.2d 51 (Mo.App.1982) [modified on court's own motion, November 30, 1982]. See also *Harris v. State,* 577 S.W.2d 140 (Mo.App.1979).

By its facts, this case illustrates an assault within the robbery (i.e., Brown's striking attendant no. 1 with a gun), a robbery, a felony murder and an assault by movant (i.e., the shooting of attendant no. 1 in the mouth). An assault was perpetrated by Brown in the course of the robbery. It is *not* that assault for which movant validly stands convicted, but rather, the subsequent assault (by shooting). The assault for which movant stands convicted upon his plea of guilty was not an assault perpetrat-

ed in the commission of a robbery, but rather the assault occurred during and as a result of "attendant no. 1 reaching in the drawer." See *Young, supra; Byrd v. State,* 577 S.W.2d 179 (Mo.App.1979); *State v. Richardson,* 460 S.W.2d 537 (Mo.banc 1970); and *State v. Collett,* 526 S.W.2d 920 (Mo. App.1975). That such a question might be one of fact, see *State v. Coles,* 604 S.W.2d 21 (Mo.App.1980).

There is a contrary view which would, in one fell swoop, view and consider the entirety of movant's conduct as one act. It is submitted that such a view contains serious flaws. In the first instance, it must ignore the test set forth in *Blockburger.* Secondly, it must ignore the rationale established (under *Blockburger*) in *Sprous* and *McCrary.* A third and perhaps the most critical flaw such a view inherently contains is that *if it does not in fact encourage multiple (and often dangerous and serious criminal acts), it nevertheless must admit it permits their being committed without fear of punishment therefor.* Another inherent danger of such a concept is that while it cannot be proven with precise scientific methods or by statistics that our body of law (whether statutory, regulatory or by case decision) does in fact discourage, prevent or act as a deterrent, one fact is certainly ascertainable—that *any* time the law prescribes (as this view does under the constitutional safeguard of double jeopardy) or permits the commission of multiple criminal acts and then limits conviction/punishment therefor, it can never be concluded that the law ever acts as a discouragement, prevention or deterrent to multiple criminal conduct. The simple fact is that under such concept, our law. is prevented the opportunity to be utilized as such.

Movant herein bore the burden of proving the trial court erred. Because of the facts and circumstances herein and pursuant to the rulings in *Blockburger, McCrary, Sprous* and *Young,* it is found that the findings, conclusions and judgment of the trial court under point (1) were not clearly erroneous. Point (1) is ruled against movant.

■ Turning to point (2), there is no need to restate the facts and circumstances involved herein. It suffices to state that this court is bound to follow the mandate of our state Supreme Court. Pending this appeal, respondent was permitted to file a supplemental brief. In that brief, attempt was made to persuade this court that *State v. Morgan*, 612 S.W.2d 1 (Mo.banc 1981) and *State v. Olds*, 603 S.W.2d 501, 509 (Mo.banc 1980) were inapplicable to the instant case because of the trial court's finding that movant herein entered his plea and was convicted pursuant to § 559.007, RSMo 1969, and that statute was in a few months superceded by § 565.003, RSMo 1978. Respondent is correct that the trial court herein made the precise finding that § 559.007 applied and that *Morgan* and *Olds* did not control since those decisions involved convictions pursuant to § 565.003. After careful consideration of those two statutory sections, this court must conclude there is no substantive difference between the two sections and it must be further concluded that *Morgan* and *Olds* do control upon the issue of conviction for both felony murder and robbery. Under the interpretation previously given to such facts and circumstances, coupled with this court's requirement to follow the mandate of our state Supreme Court, it must follow herein that movant's conviction and sentencing for both felony murder and robbery were violative of his guarantee against double jeopardy. Point (2) must, by this court, be sustained in favor of movant.

In his final point (3), movant contends that the trial court did not make a finding of fact concerning the issue of effective counsel and that his plea of guilty to the three charges was made knowingly and voluntarily. As to the first contention, this court concludes that the trial court *did* make a sufficient finding of fact on this issue. As can be seen from the record, "movant was not denied effective assistance of counsel for lack of information regarding double jeopardy defense because no such defense was available to him at the time of his plea."

Movant's attack upon defense counsel is premised upon his testimony at the 27.26 proceeding and his declaration that at the time of his guilty plea, one of his considerations was his fear of consecutive sentences. This is one of those instances where a plea was entered and subsequently our courts ruled upon a precise point of law.

The scenario can be distilled as follows: Movant appeared ready for trial with counsel on October 6, 1977. After jury selection and swearing, movant advised the court of his desire to change his plea. The proceedings were halted, the pleas accepted and sentences imposed. Our state Supreme Court then ruled *Morgan, supra. State v. Morgan*, 592 S.W.2d 796 (Mo.banc 1980), vacated, 449 U.S. 809, 101 S.Ct. 56, 66 L.Ed.2d 12 (1980) and *State v. Olds, supra*. Movant now asserts that his defense counsel was ineffective because he failed to advise him that the trial court could not constitutionally sentence him to consecutive sentences. Movant argues that *Morgan* (both cases) and *Olds* deal with substantive constitutional rights, thus rendering their application retroactive. He concludes by saying that his counsel was ineffective because he failed to advise him of a right of which neither he nor counsel was ever aware. Movant argues that the instant case is distinguishable from *Morgan* (both cases) in that *Morgan* was a trial by jury. This court fails to appreciate the offered distinction and rejects that contention.

Movant then argues that the instant case falls within *Lee v. State*, 573 S.W.2d 131 (Mo.App.1978), a 27.26 proceeding wherein the accused was allowed to withdraw his plea because at the time it was entered there were facts which were unknown to him which may have affected his decision to plead guilty. *Lee* addressed the issue of the failure of the prosecutor to disclose evidence favorable to the accused (i.e., a mistaken identification by the victim) and this court ruled that under the attending facts and circumstances, the accused would be permitted to withdraw his plea. *Lee* is to be contrasted with the instant case wherein some three years after the fact, movant, solely upon a subsequent judicial declara-

tion, tells the court he would not have pleaded guilty had he been advised by counsel upon a point of law known to neither movant nor his counsel. *Lee* is distinguishable and not controlling.

At the time of movant's plea, the controlling law in our state was under the rule announced in *State v. Chambers,* 524 S.W.2d 826 (Mo.banc 1975), cert. denied, 423 U.S. 1058, 96 S.Ct. 794, 46 L.Ed.2d 649 (1976). This was referenced in the record made by the instant trial court. The defense of double jeopardy applicable to felony murder and an underlying felony emerged with the decision in *Whalen v. United States, supra,* followed by *Morgan* (612 S.W.2d) in 1981, *Morgan* (592 S.W.2d) in 1980, and *Olds* in 1980.

■ In order that such a serious matter be determined on a per case basis, our courts have adopted a standard or test for the determination of ineffectiveness of counsel, which "is two pronged: First, whether counsel exercised the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstance; second, whether counsel's failure to exercise such skill and diligence resulted in prejudice to his client." *Barkwell v. State,* 619 S.W.2d 511, 512 (Mo.App. 1981), citing *Seales v. State,* 580 S.W.2d 733 (Mo.banc 1979). Movant bore the burden of proving that counsel was ineffective and such burden is particularly heavy. *Branstuder v. State,* 609 S.W.2d 460, 463 (Mo. App.1980) and *Helms v. State,* 584 S.W.2d 607, 609 (Mo.App.1979). As regards the evidence upon this issue, (limited to movant's subjective declaration) the trial court was not required to believe movant's testimony even though uncontroverted, as in the case at bar. *Helms, supra.* See also *Williams v. State,* 605 S.W.2d 222, 224 (Mo.App.1980), where the court declared (citing *Helms* ) that "the trial judge may totally reject the testimony of the movant even though no contrary evidence appears." In the instant case, movant has failed to carry his burden of proof on the issue. There is nothing upon the record before this court that reveals movant's plea was not made knowing-

ly and voluntarily and where a plea of guilty has been entered, the adequacy of representation is immaterial unless counsel was so incompetent that the plea was not entered voluntarily and with understanding of the charge. *Matthews v. State,* 501 S.W.2d 44, 47 (Mo.1973). See also *DeConink v. State,* 557 S.W.2d 698 (Mo.App.1977). Upon a failure to show that the plea was not voluntarily and knowingly made and that counsel herein did not represent movant pursuant to the standard prescribed by *Seales* and *Barkwell,* this court concludes that there is no merit to movant's final point and it is ruled against him.

Because this court is required to follow the mandate prescribed within *Morgan* (both cases) and *Olds,* this cause, *upon* point (2) only, must be reversed and the cause remanded. It is so ordered for the limited purpose of setting aside and with specific direction to set aside the conviction and sentence of movant on the charge of robbery first degree. The remainder of the judgment is found not to be clearly erroneous and the judgment of conviction and sentences pertaining to the charges of felony murder and assault are in all respects affirmed. The trial court is directed to enter judgment in accordance with this opinion.

SOMERVILLE, C.J., and PRITCHARD and KENNEDY, JJ., concur.

DIXON, J., dissents in separate dissenting opinion.

SHANGLER and CLARK, JJ., concur in separate dissenting opinion of DIXON, J.

DIXON, Judge, dissenting.

I dissent from that portion of the principal opinion which holds that the assault conviction is not violative of the double jeopardy clause of the fifth amendment. I concur in the result of the principal opinion in barring the conviction for armed robbery on the basis of the double jeopardy clause, but I reach that result by way of somewhat different reasoning than does the majority opinion. First, even a counselled plea of guilty does not waive a claim of double

jeopardy. *Menna v. New York,* 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975). Thus, the issue of double jeopardy is a matter for review under Rule 27.26 as a claim of constitutional error not waived by the guilty plea. Discussions of the effectiveness of counsel are irrelevant to the question.

On the issue of the conviction for armed robbery as the underlying felony upon which the felony murder conviction rests, the authority is inescapably clear. *Whalen v. U.S.,* 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980), and *Harris v. Oklahoma,* 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977), squarely hold that conviction for felony murder bars the underlying felony upon which the felony murder charge rests. Thus, as a matter of federal constitutional law, the conviction for armed robbery in this case cannot stand.

It follows from this that the question concerning the assault charge turns upon whether or not the assault upon the attendant by the movant was a part of the offense of armed robbery or was a separate offense. That in turn, under the case law concerning the division of a course of conduct into one or two offenses, depends upon a factual determination with respect to the completion of one offense and the commencement of another.

The sparse facts in this case are from the transcript of the hearing on movant's guilty plea. Movant and his accomplice entered the gas station, where both drew their guns and announced their intentions to the attendant inside. Movant's accomplice hit the attendant in the back of the head with his gun. The attendant pulled some money out of his shirt pocket. Observing that the outside attendant had been alerted to the robbery, movant's accomplice went outside. Movant then noticed that the inside attendant had a wallet in his shirt pocket. As movant reached across the desk to obtain the wallet, the attendant pushed back in his chair and reached into a drawer. At that point, movant shot the inside attendant. Movant then heard a shot outside the station, whereupon he ran outside and escaped with his accomplice.

Movant urges that his dual conviction for both assault and robbery placed him twice in jeopardy. The majority responds that movant's shooting of the inside attendant occurred after the robbery of the attendant was completed, thereby constituting the second offense of assault.

The transcript that is available does not support the conclusion that the shooting of the attendant was a "separate and distinct act of force" from the assault committed in furtherance of the robbery. The majority opinion states that the assault on which the robbery conviction is based occurred when movant's accomplice struck the inside attendant over the head with his gun. The attendant then handed over some money. The robbery was not complete at that point because movant observed a wallet in the victim's pocket and was in the process of pilfering it when the attendant's apparent move to protect himself prompted movant to fire. The taking of the money offered by the attendant and the further reaching for the attendant's wallet were all acts constituting the same robbery, all a continuous chain of events comprising the taking, by force or intimidation, of the attendant's property. Since the shooting was "coterminous" with the robbery, it cannot be relied on to establish a separate conviction for assault. *State v. Neal,* 514 S.W.2d 544 (Mo. banc 1974); *State v. Helm,* 624 S.W.2d 513 (Mo.App.1981); *State v. Buford,* 582 S.W.2d 298 (Mo.App.1979). The fact that the act of pulling the trigger can be distinguished from the earlier acts of intimidation (hitting attendant with the gun) does not support a separate conviction for assault so long as the robbery was still in progress.

Many recent cases have examined the question whether "a single act of force was present or whether, . . . separate acts of force took place which would justify the separate charges of assault and robbery." *State v. Buford, supra,* at 303. Again, the "acts" referred to are acts outside the continuous event of the robbery, not separable, physical acts that make up the assault that is an element of the robbery. In *State v. Collett,* 526 S.W.2d 920 (Mo.App.1975), the

victim was robbed at gunpoint, then taken from behind the cash register to a back room, where he was beaten about the head. The subsequent beating was held to constitute a proper basis for the separate assault conviction. In *Henderson v. State,* 627 S.W.2d 324 (Mo.App.1982), Henderson raised the issue in his Rule 27.26 motion. After Henderson obtained money from a gas station attendant, he forced the attendant to lie down on the floor of a back room. When the attendant lunged for Henderson's legs, Henderson hit him over the head with a baseball bat. The separate assault conviction was held not to place movant in double jeopardy because the bat incident took place "after the robbery was complete in order to effect an escape" and was not a part of a "single continuous event." *Id.* at 325. The defendant in *State v. Helm,* 624 S.W.2d 513 (Mo.App.1981), demanded the victim's purse at knife point. When he discovered the purse contained very little money, defendant struck the victim about the head and neck with the knife, inflicting serious injury. The dual convictions of assault and armed criminal action based on the underlying felony of robbery were upheld. On review of movant's Rule 27.26 motion, the court in *Thompson v. State,* 606 S.W.2d 263 (Mo.App.1980), found no error in multiple convictions where the movant shot at his cab driver/victim after he had obtained the victim's money and papers.

In all of these cases, the assault that formed the basis of the separate charge and conviction took place after the robbery was complete. The shooting in the instant case took place as movant reached across the desk for the attendant's wallet. The robbery was still in progress, and on these facts, multiple sentences are prohibited by Missouri case law which defines the unit of prosecution permitted under the double jeopardy clause.

The necessary effect of the majority opinion is to divide the offense in the instant case into two robberies, one of which is barred by the double jeopardy clause, and one of which is not. There can be no doubt under the facts here presented that the shooting of the attendant occurred simultaneously or nearly so with the movant's attempt to obtain the wallet from his shirt. Only the assertion of the majority opinion that the robbery was complete and that the second assault was a separate event affords a basis for imposition of the assault charge. Thus, the majority opinion splits the robbery into two events. The conviction of one is sustained, and the conviction of the other is barred by double jeopardy. The majority is analytically incorrect in separating the robbery into two robberies when, in fact, what occurred in this case was a continuing robbery—first the money and second the wallet. It is no different than any other robbery case in which the robbery is accomplished by the taking of property from different locations or at different times during the course of the robbery.

The division of a greater offense into two crimes by charging them as two offenses because they are temporally separated has been condemned as violative of the double jeopardy clause. In *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), the defendant engaged in a nine-day course of conduct with a stolen automobile. He was charged with joyriding in one jurisdiction and, in another jurisdiction in the same state, he was charged with the offense of theft of the automobile. Both charges stemmed from the same nine-day period in which defendant was in possession of the vehicle. The Supreme Court held that the second conviction could not stand under the double jeopardy clause. The analysis of the Supreme Court was that joyriding was a lesser-included offense of the theft for double jeopardy purposes and that, therefore, the double jeopardy clause protected him from conviction on the greater charge after conviction upon the lesser. The language of the court in its holding is critical: "The Double Jeopardy Clause is not such a fragile guarantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a series of temporal or spatial units." 432 U.S. at 169, 97 S.Ct. at 2227.

The dissent in *Brown v. Ohio, supra,* does not agree with the approach taken by the

majority as to the application of the double jeopardy clause. Nonetheless, *Brown v. Ohio, supra,* so holds and is decided upon facts which are much more susceptible of a division into separate "units of prosecution" than is the present case.

As outlined above, it is my belief that these facts require, under our own law, a determination that the assault charge is not a separate offense; but even if our own state law did not provide that result, I believe the conviction for assault which is undeniably a lesser-included offense of the robbery is barred under federal double jeopardy law by *Brown v. Ohio, supra.* For the reasons stated, I respectfully dissent and would affirm only the conviction for felony murder and vacate the robbery conviction and the assault conviction and the resulting sentences.