Dana BROWN, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 34986.

Missouri Court of Appeals, Western District.

Aug. 28, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Oct. 30, 1984.

Joseph H. Locascio, Sp. Public Defender, Mimi Droll, Asst. Sp. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Frank A. Rubin, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P.J., and KENNEDY and LOWENSTEIN, JJ.

PER CURIAM:

After a hearing in which he received partial relief, the movant, Brown, appeals the judgment on his Rule 27.26 motion. On July 26, 1977 Brown entered guilty pleas and was sentenced to concurrent terms of life for felony-murder, 25 years for assault with intent to kill, and 10 years for first degree robbery. On June 9, 1983 the trial court vacated the judgment on the assault charge.

In this appeal he asks the felony-murder and robbery convictions also be vacated and set aside. The movant contends both pleas were not voluntary because of ineffective assistance of counsel resulting from failure to advise him on the status of his motion to suppress his confession and because of failure of counsel to advise him he could not have been found guilty of felony murder and the underlying crime of robbery.

Dana Brown was charged, by indictment, with the felony-murder of Derek Henderson, and with assault with intent to kill and robbery of Marlon Henderson. The facts as contained in Brown's guilty plea hearing are similar to and are more fully set out in *Green v. State*, 659 S.W.2d 219 (Mo.App. banc 1983). They basically show Green and the movant, both armed, robbed a service station. They entered together and while Green was taking $57.00 from the inside attendant Marlon (constituting the robbery charge) the movant Brown then chased outside and fatally wounded another attendant (Derek). Green then shot and

injured the inside attendant (giving rise to the assault count), while attempting to get more money. Green pleaded guilty to the same charges as are present in this case. The movant had two lawyers. They filed and had a hearing on a motion to suppress a statement made by Brown to police. That hearing was held on Monday, July 25, 1977. At the conclusion of the hearing the judge took the issue under advisement. Neither the transcript of the proceedings at the hearing on the motion to suppress, the hearing held the next day (July 26) at which Brown pleaded guilty, nor the legal file reflect whether the judge actually ruled on the motion to suppress.

Brown contended, at the hearing on this Rule 27.26 motion, one of his attorneys told him the motion had been overruled. Brown's aunt did not remember any discussion of the motion itself, but she did recall counsel telling Brown that the statement would be used against him if he pled not guilty.

At the hearing on the 27.26 motion, one of his lawyers testified, "to my knowledge, all I recall is I thought the motion was overruled," although he could not say for a certainty that Judge Meyers had ruled on it. The prosecutor in the original prosecution, testified at the 27.26 hearing with more certainty, "It is my belief that the motion was overruled," although he, too, could not say "for sure" that the motion was overruled.

### I.

In his first point, the movant contends that his pleas of guilty to murder and robbery were involuntary because they were based on the advice of his counsel that a motion to suppress a pretrial statement to police had been overruled. He urges that this advice was erroneous since, he contends, the motion had not been ruled upon.

The trial court denied relief on this ground since it found that the judge had, in fact, overruled the motion to suppress. The 27.26 court determined the judge had taken the motion under advisement and had obviously overruled it before calling the case for trial the next day. It was just prior to trial when the movant requested leave to change his pleas to guilty. For support the movant relies solely on *Lee v. State*, 573 S.W.2d 131 (Mo.App.1978). That case does not help him. In *Lee, supra,* certain indecision, prompting and misidentifications by the only witness was withheld from the defendant when he entered a guilty plea. Here there was an independent eye witness who would say movant shot the victim and there was ballistic evidence linking him to the crimes.

■ Although nothing in the record appears definitely overruling the motion, the evidence of the prosecution and defense counsel was the statement had not been suppressed. The movant has not established by the preponderance of the evidence that his attorney incorrectly advised him on this point. Rule 27.26(f). This court cannot say the trial court's findings and judgment are clearly erroneous. Rule 27.26(j). Even if the admissibility of the statement was still a live issue when the movant pleaded guilty, there was other direct and circumstantial evidence to sustain the state's case. This point is denied.

### II.

■ In his second point the movant argues that his conviction of felony-murder and robbery should have been set aside because his counsel was ineffective under the standard set forth in *Seales v. State*, 580 S.W.2d 733 (Mo. banc 1979), in failing to advise him that he could not be found guilty of both the robbery and assault of Marlon Henderson. He relies on *State v. Neal*, 514 S.W.2d 544, 548 (Mo. banc 1974). *Neal* held the single crime of robbery could not be split and prosecuted a second time for assault without violating the rule against double jeopardy. He alleges that his pleas of guilty to *all three offenses* were involuntary because his trial defense counsel failed to advise him that he could not be convicted of both robbery and assault of Marlon Henderson. In other words, movant argues that he would not have pleaded guilty to any of the offenses

had he known that he could not be convicted of them all.[1]

Resolution of this issue involves the question of whether the assault against Brown was, in fact, the same act of force and violence which constituted an element of the robbery also alleged against him. The trial court determined that the record of the guilty plea failed to establish that the assault was separate from the robbery and therefore granted relief by vacating the assault conviction.

A review of the transcript of the guilty plea hearing reveals sufficient facts to demonstrate that the robbery with which movant was charged was, in fact, separate from the assault with which he was charged. In Count III of the indictment, movant was charged with robbery by taking $57.00, the property of the Inner-City Oil Company and in the custody of Marlon Henderson, with force and violence by assaulting Marlon Henderson. In discussing the offenses with the trial judge at the hearing on the guilty plea, movant testified that he and David Green entered the service station armed with pistols where "David, he was getting the money from one person [Marlon Henderson] inside the store."

Brown further told the judge at the hearing on the guilty plea:

A. [By appellant] David Green, he hit the person that was inside the filling station. He hit him on the head with the pistol.

Q. Did you see that?

A. Yes.

Q. Why did he hit him on the head?

A. Because he wouldn't give up the money at first.

Q. Did David get the money then?

A. Yes.

Q. How much money did he get?

A. Fifty-seven dollars.

At that point, the robbery alleged in Count III was completed.

Appellant and the judge then discussed the shooting of Marlon Henderson:

Q. Why did David shoot him? You told me he struck him because he wouldn't give him the money. Why did he shoot him?

A. Same reason, because he wouldn't give the money.

Q. He didn't get the money until after he shot the man?

A. He wanted to get the rest of the money. He had some more money in his pocket.

Q. Did he get the money from his pocket then?

A. No.

Q. Why not?

A. Because that's when I was outside and I came back running into the store and told him to come on. Then we ran back to the car.

After the completed robbery of Marlon Henderson in which $57.00 was taken from the cash register Green then assaulted Marlon for the money in his pocket. This assault consisted of shooting Marlon. However, no money was taken from his person due to the precipitous departure of the movant and Green.

■ As noted earlier, the facts as developed in the guilty plea hearing of Brown,

---

1. It is noted that Brown alleges ineffectiveness of his counsel only in regard to the double jeopardy issue as it relates to the *robbery* and *assault* offenses. *State v. Neal, supra.* Appropriately, he does not allege in this point ineffectiveness based on his counsel's failure to advise him of double jeopardy problems involving felony-murder and robbery. The application of the principle of double jeopardy to felony-murder and robbery emerged with the decisions in *Whalen v. United States,* 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980); *State v. Olds,* 603 S.W.2d 501 (Mo. banc 1980); and *State v. Morgan,* 592 S.W.2d 796 (Mo. banc 1980), vacated, 449 U.S. 809, 101 S.Ct. 56, 66 L.Ed.2d 12 (1980), prior opinion readopted, 612 S.W.2d 1 (Mo. banc 1981). Counsel at appellant's trial in 1977 could not be ineffective in failing to advise appellant of a principle of law not announced until 1980. *Green v. State, supra.* The substantive question of the double jeopardy aspects of his conviction of both felony-murder and robbery are discussed in Section III, *infra.*

are the same as those developed in the case of his co-actor, *Green v. State, supra,* at 221. In *Green v. State* the assault and robbery were held to be separate. The trial court erred in favor of the movant by setting aside the conviction of assault. However, the trial court was correct that there was no ineffective assistance of counsel. This point is denied.

### III.

In his final point, Brown argues that his conviction of both felony-murder and robbery was improper, due to double jeopardy considerations. A question exists as to whether this point has been preserved.

■ It would be most unfair to here treat a constitutional issue such as double jeopardy waived when the co-actor has already received relief on the same theory. *Green v. State, supra.* Even if appellant had failed to carefully preserve this issue for appeal, this court would review based on plain error. Rule 84.13(c).

■ The substance of this point on appeal is that Brown was convicted of the felony-murder of one attendant based on the robbery of the other attendant. The robbery here formed the basis for the underlying felonious intent required for conviction of murder. Under such circumstances, a defendant cannot be convicted of both offenses because to do so would, in effect, punish him twice for the same conduct and crime—namely the underlying felony of robbery. *State v. Olds, supra* (vacating conviction of kidnapping underlying felony-murder); *State v. Morgan, supra* (vacating judgment of conviction of felony stealing underlying felony-murder); *Williams v. State,* 646 S.W.2d 848 (Mo.App. 1982) (reversing conviction of robbery underlying felony-murder). This court in reviewing the Rule 27.26 motion in *Green, supra,* at 223, held *Morgan* and *Olds* to be applicable. In that case, this court reviewed the circumstances of the robbery and related murder. The facts as set forth in that case are congruent with those established here. Therefore, the movant

shall be granted the same relief as provided Green.

The judgment of the trial court is reversed and the cause remanded for specific purpose of setting aside the conviction and sentence of the movant on the charge of first degree robbery. The remainder of the judgment pertaining to felony-murder conviction is affirmed.