Yancy Douglas **HARDY**, Appellant.

v.

**UNITED STATES** of America, Appellee.

No. 16455.

United States Court of Appeals Eighth Circuit.

June 30, 1961.

Martin Schiff, Jr., St. Louis, Mo., for appellant; Yancy Douglas Hardy, pro se, and H. Jackson Daniel, St. Louis, Mo., with him on the brief.

William R. Crary, Asst. U. S. Atty., Sioux City, Iowa, for appellee; F. E. Van Alstine, U. S. Atty., Sioux City, Iowa, on the brief.

Before JOHNSEN, Chief Judge, and VAN OOSTERHOUT and BLACKMUN, Circuit Judges.

JOHNSEN, Chief Judge.

Appellant was convicted in 1951 on separate charges (1) of having entered a federally insured bank with intent to commit larceny therein, thereby violating 18 U.S.C. § 2113(a), and (2) of having committed larceny against the bank of money and property exceeding $100 in value, thereby violating § 2113 (b). He was given a sentence of 20 years on the first count and a sentence of 10 years on the second, with the sentences to run concurrently.

He appealed from the judgment of conviction and we affirmed, 8 Cir., 199 F.2d 704, but he did not in that proceeding raise any question as to the court's right to impose two sentences upon him. He waited until he had been confined the period necessary for a 10-year term and then filed a motion to have his 20-year sentence set aside as being illegal. The court denied his motion but on its own motion vacated the 10-year sentence.

The court's action as to the 10-year sentence was in conformity with what we had in 1957 directed to be done in the case of appellant's associate in the crime, Kitts v. United States, 8 Cir., 243 F.2d 883. In appellant's view, however, we did not in the Kitts case make proper interpretation and application of the decision of the Supreme Court in Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370.

Appellant would have us read the Prince case as holding that, where a bank is entered with larcenous intent, in violation of § 2113(a), and the larceny is accomplished, so that a violation of § 2113(b) has occurred, the unlawful entry becomes so merged into the consummated larceny as to lose its identity for legal purposes as a criminal offense and therefore not to be capable of being made the subject of a charge of § 2113(a) violation.

A year after the Kitts case, we had occasion to deal with the question again in La Duke v. United States, 8 Cir., 253 F.2d 387, where we similarly permitted a sentence of 20 years to stand on a conviction of having entered a bank with in-

tent to commit larceny therein, in a situation where it was conceded that the larceny had been consummated and a violation of § 2113(b) had accordingly occurred. While in that case the Government had prosecuted only for the offense of unlawful entry, it would seem doubtful whether such a charge would be entitled to be made, if the consummation of the larceny had to be regarded as occasioning such a merger that the factual elements involved could have but one legal significance, so that the unlawful entry thus would be deprived of any separate violative identity.

The effect of our decision in the Kitts and La Duke cases is that the incidents of entering a bank with intent to commit larceny and of engaging in larceny therein are violations of two distinct statutory provisions; that there is nothing in the language or operability of these provisions to suggest that either incident, where both have been present in a situation, was intended to be deprived of its identity or status as a basis for making violative charges; but that, in respect to the imposing of punishment on them, they are so related in their nature and object that, under the doctrine of the Prince case, sentence may be meted out on only one of them, within the choice which the trial court deems appropriate in the circumstances.

The opinion in the Prince case recognized that it manifestly was the purpose of Congress, by the statutory provisions involved, to establish more than one violative offense. "But in doing so there was no indication that Congress intended also to pyramid the penalties." 352 U.S. at page 327; 77 S.Ct. at page 406.

This, it seems to us, represents the crux of the Prince decision. As we indicated in the La Duke case, we do not believe that the Prince opinion is required to be read, or was meant, to impute the intention to Congress, on the plain language of the larceny provisions, that these should be allowed in application to produce the incongruous result that, if one enters a bank with intent to commit

larceny, but for some reason his purpose is frustrated so that the larceny is not committed, he can be sentenced for a period of 20 years, but that, if he succeeds in committing the larceny on the basis of his unlawful entry, he cannot in that event be sentenced for a period of more than 10 years, and indeed for only a year or less, if he does not succeed in stealing more than $100 in amount.

The views here expressed have similarly been taken in Purdom v. United States, 10 Cir., 249 F.2d 822, and United States v. Williamson, 5 Cir., 255 F.2d 512, and the Supreme Court has denied certiorari in both of these cases, 355 U.S. 913, 78 S.Ct. 341, 2 L.Ed.2d 273, and 358 U.S. 941, 79 S.Ct. 348, 3 L.Ed.2d 349, respectively. To the same effect also are Counts v. United States, 5 Cir., 263 F.2d 603, certiorari denied 360 U.S. 920, 79 S.Ct. 1440, 3 L.Ed.2d 1536, and Audett v. United States, 9 Cir., 265 F.2d 837, certiorari denied 361 U.S. 815, 80 S.Ct. 54, 4 L.Ed.2d 62.

■■ In all of these cases, the right of the court in such a situation to simply vacate the shorter sentence and allow the longer one to stand has been recognized. Appellant argues, however, that here his 10-year sentence had been served, so that there was no right to vacate it, and that consequently only the 20-year sentence was capable of being set aside. A similar situation and contention were involved in United States v. Leather, 7 Cir., 271 F.2d 80, where the court held that the longer sentence standing on the record would legally constitute the measure or the term of the punishment in the situation, unless the trial court saw fit to vacate it, and that the shorter concurrent sentence thus would, while the two sentences stood together, have incidence only in relation to this controlling measure or term of his punishment. The court accordingly upheld the right of the trial court in that case, as here, to vacate the shorter sentence, even though the defendant had by that time been confined for a period equal to its length. The Su-

preme Court denied certiorari to this holding, 363 U.S. 831, 80 S.Ct. 1602, 4 L.Ed.2d 1525. We are in agreement with the Leather case.

Affirmed.