STATE of Missouri, Respondent,

v.

Steven LANE, Appellant.

No. 62504.

Supreme Court of Missouri,
En Banc.

March 9, 1982.

Rehearing Denied April 6, 1982.

Frank R. Fabbri, III, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Nancy Kelley Baker, Asst. Atty. Gen., Jefferson City, for respondent.

BARDGETT, Judge.

Appellant Lane was convicted by a jury on a three-count amended information of: Count I—attempted robbery in the first degree by means of a dangerous and deadly weapon of Benjamin Johnson (§ 560.120, RSMo 1969, repealed effective 1/1/79, S.B. 60, 1977 Laws of Mo. 658) and sentenced to nine years' imprisonment; Count II—robbery first degree by means of a dangerous and deadly weapon of Claude Robinson (§ 560.120, *supra*) and sentenced to fifteen years' imprisonment; and Count III—murder in the first degree of Benjamin Johnson (§ 559.007, RSMo Supp.1975, effective 9/28/75, H.B. 150, 1975 Laws of Mo. 408, 411). The charge in amended count III under § 559.007 is commonly called first-degree felony murder and in this instance the underlying felony of attempting to rob the deceased, Benjamin Johnson, was the sub-

ject of the count I conviction. All sentences were to be served consecutively. All three counts arose out of the robbery, attempted robbery of Messrs. Johnson and Robinson on February 12, 1976, at the B & B Cleaners at 4004 Euclid Avenue, St. Louis, Missouri.

The defendant's appeal to the court of appeals, eastern district, resulted in the affirmance of count I—attempted robbery of Johnson, and count II—robbery of Robinson, and the reversal and remand of count III—first-degree (felony) murder of Johnson. The state's application for transfer after opinion was sustained by this Court and the matter has been further briefed and argued.

This Court has concluded that the conviction and sentence under count I—attempted robbery of Johnson should be reversed, and the convictions and sentences under count II—robbery of Robinson, and count III—first-degree (felony) murder of Johnson should be affirmed.

■ Count I—attempted robbery of Benjamin Johnson (§ 560.120, RSMo 1969). This count was the felony used as the underlying felony on which the conviction of first-degree (felony) murder of Benjamin Johnson was obtained. One cannot legally be convicted of both the underlying felony, which is the necessary lesser included offense of first-degree felony murder, and for first-degree (felony) murder. *See Whalen v. United States*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980); *State v. Olds*, 603 S.W.2d 501 (Mo. banc 1980); *State v. Morgan*, 592 S.W.2d 796 (Mo. banc), *vacated mem., Missouri v. Morgan*, 449 U.S. 809, 101 S.Ct. 56, 66 L.Ed.2d 12 (1980), *prior opinion aff'd, State v. Morgan*, 612 S.W.2d 1 (Mo. banc 1981); §§ 556.041–.046, RSMo 1978. The judgment under count I of attempted robbery of Benjamin Johnson is reversed.

Count II—robbery first degree of Claude Robinson (§ 560.120, *supra*).

■ Appellant contends the court erred in failing to dismiss counts I and II because the offenses described in counts I and II are the result of the same operative acts and

transactions and offenses, and are elements of the offense alleged in count III—first-degree felony murder, and are violative of appellant's rights under the double jeopardy provisions of amendments five and fourteen of the United States Constitution, and art. I, § 19, of the Missouri Constitution.

The point as to count I is moot. The robbery of Claude Robinson, which is the subject of count II, is a different offense from count I—attempted robbery of Johnson and count III—the murder of Johnson. In *State v. Moton*, 476 S.W.2d 785 (Mo. 1972), essentially the same issue was determined contrary to appellant's position. The point is overruled.

■ Next appellant contends all three convictions should be reversed and a new trial ordered because the state failed to comply with Rule 24.17 (Rules 1976) in that the witnesses the prosecution intended to call were not endorsed on the amended information. The names of witnesses were listed on the original information and, when the matter was brought up at the hearing on appellant's correlative motion to strike all counts and dismiss the amended information, the prosecutor filed a list of all the witnesses and they were the same as on the original information with one addition and the additionally named witness didn't testify in the case after all. Although the rules should be adhered to, no prejudice appears. The point is overruled.

■ Appellant also contends count III of the amended information should have been stricken on appellant's motion therefor because the allegation in count III of the original information that Benjamin Johnson was shot with a .38-caliber pistol was deleted from count III of the amended information and no allegation was made of the caliber of the murder weapon. The police report stated Johnson died of a .32-caliber weapon wound. Two weapons were found at the scene. One was a .38 caliber owned by one of the victims, Mr. Robinson, and the other was a .32 caliber identified as the murder weapon. Appellant contends the failure to allege the caliber in the amended information caused confusion and he should

not have to go beyond the information to determine the caliber of the murder weapon.

The information sought was discoverable. Rule 24.03 (Rules 1976). The weapon caliber was not essential to an understanding of the charge nor was it an element of the offense. The point is overruled.

■ Appellant contends the court erred in overruling his motions to suppress the statement of defendant allegedly made to a police officer while defendant was in a hospital suffering from a gunshot wound to the head and, over objection, admitting the incriminating statement into evidence. Appellant argues his rights under the fifth, sixth, and seventeenth amendments to the United States Constitution, and art. I, §§ 10, 15, and 19 of the Missouri Constitution were violated in that the evidence on the motion to suppress failed to prove he knowingly and intelligently waived his rights to remain silent and because his head wound rendered him unable to make such a decision.

An evidentiary hearing was held and the trial court found appellant had been advised of his rights as required by the *Miranda* decision; that he understood those rights and that he voluntarily and intelligently waived them when he made the statement to the officer.

The evidence has been reviewed and it supports the trial court's findings. The point is overruled.

■ During voir dire examination in the presence of all veniremen, one juror expressed concern that he might be influenced by television trials and what he thought the law ought to be. He indicated he was not sure whether he could follow the instructions of the court if they were not in accordance with his own ideas and outside influences. The trial judge told the juror that verdicts must be based on only two factors—the evidence in the case and the court's instructions. The venireman said he felt he would be influenced by other things. The judge, at the bench, told the attorneys

he would excuse the juror for cause if either side so moved. Defense attorney so moved and the juror was excused for cause. The defense attorney then objected to the court's comments and questions to the venireman that jurors could consider their past experiences in reaching a decision and that a jury need not follow the court's instructions, but can disregard them in deciding a case.

There is a concept known as jury nullification—a jury deciding cases in disregard of a law they consider unfair, etc. That is, however, simply a power a jury has because once the verdict is entered it cannot be impeached and the defendant retried. Of course, the common experiences in life of the jurors properly form the background against which people—jurors—view the evidence in a case. Jurors do not come to a courtroom bereft of the experiences of life and are expected to use them as jurors. The comment by the judge, in the context in which it was made, did not deprive the defendant of any rights inherent in a jury trial. It was simply an effort to caution the venireman that television trials and thoughts as to what the law *ought* to be are not the proper basis for determining whether a defendant is guilty or not guilty. The point is overruled.

██ The principal point regarding count III—first-degree (felony) murder—concerns the allegations contained in the original complaint and on which a preliminary hearing would have been held, had it not been waived, prior to the filing of the information in circuit court and the subsequent amended information. Appellant contends that the original count III charged a crime not in existence. Hence, it was a nullity and the amended information violated Rule 24.10 because count III constituted a charge

distinctly different from the original. Furthermore, appellant alleges that he should have been afforded a preliminary hearing or have had an indictment on the new charge.

What happened was that appellant was charged in a three-count complaint filed in the old St. Louis Court of Criminal Correction on February 13, 1976, with two counts of robbery first degree with a dangerous and deadly weapon and a third count (count III) which charged first-degree murder under § 559.010, RSMo 1969. On April 22, 1976, the original information, which copied the complaint, was filed in circuit court two days after appellant had waived a preliminary hearing. The amended information, changing only count III by charging first-degree murder under § 565.003, was filed February 3, 1977.

Count III of the complaint and original information by its terms charged common form first-degree murder [1] under § 559.010, RSMo 1969. All the crimes were allegedly committed on February 12, 1976. Section 559.010, however, had been repealed on September 28, 1975 (H.B. 150, 1975 Laws of Mo. 408). Section 559.010 had contained both common form first-degree murder and first-degree felony murder. The latter included a homicide committed in the course of perpetrating or attempting to perpetrate robbery. Clearly, under the repealed first-degree murder statute, the original count III was sufficient to charge first-degree murder whether committed in the common form manner or while perpetrating or attempting to perpetrate a statutorily enumerated felony. *See, e.g., State v. Chambers*, 524 S.W.2d 826, 829 (Mo. banc 1975); *State v. Lindsey*, 507 S.W.2d 1, 4–5 (Mo. banc 1974); *State v. Granberry*, 484 S.W.2d 295, 300 (Mo. banc 1972).

---

1. Count III of the original information stated in part:

That STEVEN LANE, in the City of St. Louis, State of Missouri, on the 12th day of February, 1976, feloniously willfully, premeditatedly, deliberately, on purpose, and of his malice aforethought did make an assault upon one BENJAMIN FRANKLIN JOHNSON, with a loaded .38-caliber pistol, and then and there, feloniously, willfully, premed-

itatedly, on purpose, and of his malice aforethought did discharge said pistol at and upon the body of the said BENJAMIN FRANKLIN JOHNSON, thereby feloniously inflicting a mortal wound upon the said BENJAMIN FRANKLIN JOHNSON, from which said mortal wound BENJAMIN FRANKLIN JOHNSON did die on the 12th day of February, 1976 . . . .

In place of § 559.010, the legislature enacted two statutes—§ 565.001,[2] Capital Murder, the definition of which is essentially the same as old common form first-degree murder; and § 565.003,[3] the definition of which is essentially the same as old first-degree felony murder.

As of the time the original information was filed the *content* of count III charged capital murder and the designation by the prosecutor of the count as first-degree murder, which would have been under § 565.-003 at the time, was incorrect. On the other hand, if the original count III is viewed as charging first-degree murder, then the charge is incorrect because it does not describe an act constituting first-degree murder under the applicable statute. Nevertheless, count III alleged an offense against the existing laws both at the time of the offense and at the time the information was filed because the allegations, by their terms, charged capital murder.

Undoubtedly, the prosecutor was confused during this period as to the proper forms by which to charge crimes under the statutes, and more care should have been taken to allege crimes under operative statutes. Nevertheless, in the context of this case, appellant was fully apprised of the charges against him and was not prejudiced in his substantial rights by the filing of the amended information which charged first-degree (felony) murder.

Now it should be borne in mind that, insofar as the trial of this case is concerned, the appellant was fully and accurately notified prior to trial that the prosecution was charging him in count III with murder in the first degree (first-degree felony murder) under § 565.003. The amended information so charging was filed on February 3, 1977, and the trial did not begin until May 10, 1977.

The preliminary hearing was waived which, as to the original charge, puts the case in the same status as if the preliminary hearing had been held and the appellant bound over on all counts of the original information. Although appellant now claims he was not afforded a preliminary hearing before the amended information was filed, that preliminary hearing would not have revealed anything different than would a preliminary hearing before the original information was filed in circuit court. In the context of this case that means there was probable cause to believe the two robbery felonies had been committed, that appellant committed them, and that appellant shot one of the robbery victims to death at the same time.

Appellant's "Correlative Motion to Strike Amended Information and Motion to Dismiss [amended information]" filed February 24, 1977, sought the dismissal of the entire amended information on a number of grounds. The principal focus of that motion, however, seemed to be to obtain dismissal on the ground that "Counts I and II . . . are as a result of the same operative act and transaction and offense and element of the offense alleged in Count III of said amended information, thereby subjecting the defendant to multiple punishment for the same offense in violation of the . . . [double jeopardy provisions of the United States and Missouri Constitutions]." Relief by way of a preliminary hearing was *not* sought in that or any other motion, although lack of a preliminary hearing as to amended count III was mentioned in the argument on the "Correlative Motion". Nevertheless, there was never any confusion on the defense side as to what homicide the appellant was charged with committing. The "Correlative Motion" mentioned above alleged that counts I, II, and III all arose out of the same transaction which was the attempted robbery and robbery of the two victims and the homicide committed in connection therewith. And in arguing this part of the motion appellant referred to a number of cases where the circuit attorney

---

2. 565.001 is the 1978 RSMo section number. When enacted in 1975 it was § 559.005.

3. 565.003 is the 1978 RSMo section number. As enacted in 1975 it was § 559.007. For ready reference RSMo 1978 section numbers will be used.

had recharged the defendants by indictment or information with murder first degree (felony murder) under the new statute, § 565.003, and had not additionally charged the underlying felony as a separate count. Appellant believed he deserved the same treatment—to be charged only with first-degree felony murder and not to be charged with the robbery counts.

If count III were to be retried, the trial could proceed exactly as it did before. Even if, technically, the trial court should have held a preliminary hearing as to "Amended Count III", the fact is that the appellant was not prejudiced by the failure to do so and a retrial is simply not warranted. The cases cited by appellant have been considered. The point is overruled.

■ Lastly, the appellant contends it was plain error to fail to state the proper statutory sections upon which each count of the amended information was founded and that the amended information failed to give him adequate notice of the offense in violation of Rule 24.01, as amended. The amended information cited the correct sections and was filed about three months before trial. The point is overruled.

The judgment of conviction and sentence under count I of attempted robbery of Johnson is reversed, and the judgments of convictions and sentences under both count II of robbery of Robinson and count III of first-degree (felony) murder of Johnson are affirmed.

All concur.