in which his first period of disability began, before he was 31.

Accordingly, we affirm the trial court's denial of Ransom's claim for a "disability freeze" basing his eligibility for a "period of disability" upon his parents' earnings record. However, we remand this case to the Secretary for further consideration of Ransom's claim that his personal earnings record qualifies him for a statutory period of disability.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

**Larry P. THOMAS, Appellant,**

v.

**Terry MORRIS, Appellee.**

**No. 85–1934.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1987.

Decided April 21, 1988.

Rehearing and Rehearing En Banc Denied June 9, 1988.

Springfield, Baldwin, St. Louis, Mo., for appellant.

Patricia D. Perkins, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before LAY, Chief Judge, HEANEY, McMILLIAN, ARNOLD, JOHN R. GIBSON, FAGG, BOWMAN, WOLLMAN and MAGILL, Circuit Judges.

McMILLIAN, Circuit Judge.

Larry P. Thomas appeals from a final judgment entered in the District Court for the Eastern District of Missouri dismissing his petition for writ of habeas corpus. On appeal a panel of this Court reversed and remanded the case to the district court for resentencing or a retrial within ninety days of the issuance of the decree. *Thomas v. Morris*, 816 F.2d 364, 371 (8th Cir.1987).[1] Both the State and Thomas petitioned this Court for a rehearing en banc and we granted the petitions. After further briefing and oral argument to the Court en banc, we now reverse the district court's judgment and remand to the district court

---

1. The original panel opinion, *Thomas v. Morris*, 816 F.2d 364 (8th Cir.1987) is withdrawn and vacated.

with instructions to issue the writ in accordance with this opinion.

The relevant facts of the underlying offenses are not currently in dispute. On November 8, 1972, Thomas, during the course of a robbery of an auto parts store, engaged in a "shootout" with a customer, who subsequently died from the injuries received. Thomas was convicted of first degree felony murder and attempted robbery in the first degree by means of a dangerous and deadly weapon in a jury trial in St. Louis Circuit Court (the state trial court). On May 15, 1973, Thomas was sentenced to life imprisonment for the felony murder and fifteen (15) years imprisonment for the attempted robbery. The sentences were to be served consecutively and the 15–year sentence was to be served first. The Missouri Court of Appeals affirmed the conviction. *Thomas v. State*, 665 S.W.2d 621 (Mo.Ct.App.1983).

Thomas filed a Missouri Rule 27.26 motion for post conviction relief in 1977; this motion was denied. On appeal, the Missouri Court of Appeals vacated the state trial court's dismissal of the Rule 27.26 motion and remanded the case for a new hearing on the grounds that the transcript on appeal did not include all the evidence adduced at the hearing. After an evidentiary hearing, the state trial court granted Thomas's motion in part and vacated the conviction for attempted robbery. The state trial court held that Thomas's convictions for attempted robbery and felony murder and separate consecutive sentences for the offenses, violated the double jeopardy clause, because the Missouri legislature did not intend to allow separate and consecutive punishments for felony murder and the underlying felony. The state trial court left intact Thomas's felony murder conviction and life sentence.

In June 1981 Thomas's 15–year sentence for attempted robbery was commuted by the governor. Thomas had begun serving this sentence on June 28, 1973, and thus had served approximately eight years of the 15–year sentence. On June 24, 1982, one year after the commutation by the governor, the state trial court vacated the 15–year sentence and credited the time Thomas had served prior to the court's vacation of the 15–year sentence, to his life sentence for felony murder. The Missouri Court of Appeals affirmed the state trial court's decision. *Thomas v. State*, 665 S.W.2d 621, 625 (Mo.Ct.App.1983).

## DISTRICT COURT PROCEEDINGS

On August 1, 1984, Thomas filed a petition for a writ of habeas corpus in federal district court pursuant to 28 U.S.C. § 2254. He contended that his confinement as a result of the life sentence violated the double jeopardy clause. The matter was referred to a magistrate, who recommended that the writ be issued because Thomas had completed the 15–year sentence for the attempted robbery. *Thomas v. Morris*, No. 84–1760 C (5), slip op. at 11 (E.D.Mo. March 29, 1985). The magistrate concluded that the state trial court did not have jurisdiction to vacate the 15–year sentence and to cause Thomas to serve the life prison sentence for the same conviction.

On June 28, 1985, the district court rejected the magistrate's recommendation. Relying on *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983), the district court held that with respect to cumulative sentences imposed in a single trial, the "double jeopardy clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Thomas v. Morris*, No. 84–1760 C (5), slip op. at 3 (E.D.Mo. June 28, 1985). The court held that Thomas was not being subjected to greater punishment than the legislature intended because "the entire time he served for the attempted robbery sentence was duly credited to his life sentence on the felony murder conviction." *Id.*

## PANEL DECISION

The majority of the panel in three separate opinions reversed the judgment of the district court and remanded the case for resentencing or retrial within ninety days of the issuance of the opinion. *Thomas v. Morris*, 816 F.2d at 371. Two members of

the panel, Judges McMillian and Hanson,[2] agreed that Thomas had legally satisfied the sentence he received for the attempted robbery and that the subsequent vacation of that sentence and his continued confinement under the felony murder conviction violated the double jeopardy clause, but could not agree on the remedy necessary to correct the double jeopardy violation. *Id.* at 367 (majority opinion). Additionally, Judge Bowman did not believe that a double jeopardy violation had occurred. *Id.* at 372 (Bowman, J., dissenting in part). Nonetheless, he joined with Judge Hanson in holding that any double jeopardy violation which had occurred could be corrected by either resentencing or retrial. *Id.* at 371. They relied on the Supreme Court's decision in *Morris v. Mathews,* 475 U.S. 237, 106 S.Ct. 1032, 89 L.Ed.2d 187 (1986), which held that reducing a defendant's concededly jeopardy-barred conviction for aggravated murder to a conviction for murder that was not jeopardy-barred was an adequate remedy for the double jeopardy violation. *Morris v. Mathews,* 475 U.S. at 244–48, 106 S.Ct. at 1037–39. Judges Hanson and Bowman concluded that the state court judge in the present case could correct the double jeopardy problem by changing the jeopardy-barred felony murder conviction to a non-jeopardy-barred lesser included offense of murder. The state trial court then could sentence Thomas on the offense of murder unless Thomas was able to "demonstrate a reasonable probability that he would not have been convicted of the non-jeopardy-barred offense absent the presence of the jeopardy-barred offense." *Thomas v. Morris,* 816 F.2d at 371 (citing *Morris v. Mathews,* 475 U.S. at 247, 106 S.Ct. at 1038). If Thomas could show prejudice resulting from the inclusion of the felony murder charge he would be entitled to a new trial on the non-jeopardy-barred murder offense. *Thomas v. Morris,* 816 F.2d at 371. Judge McMillian, in a separate concurring and dissenting opinion, held that the double jeopardy violation could not be cured either by resentencing or retrying Thomas on the lesser included

offense of murder and thus Thomas should be granted habeas corpus relief. *Id.* (McMillian, J., concurring in part and dissenting in part).

## REHEARING EN BANC

Both Thomas and the State filed petitions for rehearing en banc and supplemental briefs. The State argues that the panel decision is contrary to the holdings of several Eighth Circuit and Supreme Court decisions which permitted courts to impose a single sentence where illegal multiple sentences had been imposed. Thomas also asserts that the court's sentence is in opposition to prior decisions of the Supreme Court, *In re Bradley,* 318 U.S. 50, 63 S.Ct. 470, 87 L.Ed. 608 (1943), *Ex parte Lange,* 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1873), and decisions of this Court, *Holbrook v. United States,* 136 F.2d 649 (8th Cir.1943). Thomas contends that the cases relied on by the State are distinguishable from the present case because in those cases the defendant had not completely satisfied one of the illegally imposed multiple sentences.

We begin our analysis, as the panel did, by considering whether Thomas had fully satisfied the 15–year sentence for the attempted robbery conviction prior to the vacation of that sentence by the state trial court. The State argues now, as it did before, that Thomas had not completed his 15–year sentence for attempted robbery at the time the sentence was vacated. The State concedes that Thomas had completed the commuted sentence, but argues that the commutation of the 15–year sentence merely changed Thomas's punishment from 15 years plus life to a less severe punishment of a life sentence only.

■ We cannot agree with the State's reading of the commutation. The commutation refers only to the 15–year sentence and expressly commutes this sentence. The commutation neither refers to a substitution of one sentence for another nor is there any mention in the commutation document of either the felony murder conviction or the life sentence. The State has

2. The Honorable William C. Hanson, United States Senior District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

offered no evidence which calls into question the plain language of the commutation or otherwise supports the State's theory that the life sentence was substituted for the 15–year sentence. We thus hold that the governor commuted Thomas's 15–year sentence, that Thomas served the commuted sentence for the attempted robbery, and thereby, under Missouri law, Thomas has satisfied the sentence for this offense. *See State v. Cerny,* 248 S.W.2d 844, 845 (Mo. 1952). We next consider whether the state court's subsequent vacation of the 15–year sentence for attempted robbery and Thomas's continuing confinement under the life sentence on the felony murder conviction violated the double jeopardy clause. This issue has not been addressed by this court but other courts have decided cases which are factually similar. The Supreme Court in *Ex parte Lange,* 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1873) (*Lange*), held that the double jeopardy clause prohibits multiple punishments for the same offense.

In *Lange,* the defendant had been found guilty of stealing mail bags and had been sentenced to one year imprisonment and a $200.00 fine. The applicable statute provided that the maximum punishment was imprisonment of one year *or* a $200.00 fine. The defendant paid the fine and served five days of the sentence before his habeas corpus petition was heard. The sentencing judge attempted to correct the error by entering an order vacating the prior judgment and resentencing the defendant to one year in jail from the date of the resentencing. *Lange,* 85 U.S. (18 Wall.) at 164. The Supreme Court held that the district court had violated Lange's constitutional rights by sentencing him to one year imprisonment *and* requiring him to pay the fine. The Court further held that the district court could no longer vacate the sentence and resentence him after Lange had paid the fine. *Id.* "When the prisoner ... by reason of a valid judgment, had fully suffered one of the alternative punishments to which alone the law subjected him, the power of the court to punish further was gone." *Id.* at 176.

*Lange* was the first case to hold that the double jeopardy clause prohibits multiple punishments for the same offense. The *Lange* court explained that such a prohibition was necessary to give meaning to the prohibition, recognized prior to this time, that a defendant could not be prosecuted a second time for an offense.

> For of what avail is the constitutional protection against more than one trial if there can be any number of sentences pronounced on the same verdict? ... [I]f, after judgment has been rendered on the conviction, and the sentence of that judgment executed on the criminal, he can be again sentenced on that conviction to another and different punishment, or to endure the same punishment a second time, is the constitutional restriction of any value? ... [T]he Constitution was designed as much to prevent the criminal from being twice punished for the same offense as from being twice tried for it.

*Id.* at 173.

Seventy years later, the Supreme Court in *In re Bradley,* 318 U.S. 50, 63 S.Ct. 470, 87 L.Ed. 608 (1943) (*Bradley*) reaffirmed its decision in *Lange.* In *Bradley,* the defendant had been sentenced to six months imprisonment and a fine of $500.00, although the applicable statute only permitted a fine *or* imprisonment. On September 28, 1942, Bradley was taken into custody and committed to prison. On October 1, 1942, Bradley's attorney paid the fine in cash to the clerk of the court. Later on the same day, the court realized that the sentence was erroneous and amended the sentence by omitting the fine. The court clerk was instructed to return the money, however, Bradley refused to accept it. The Supreme Court held that the attempt to amend the sentence was a nullity because there had been a full satisfaction of one of the alternative penalties permitted by the statute. *Bradley,* 318 U.S. at 52, 63 S.Ct. at 471. "As the judgment of the court was thus executed so as to be a full satisfaction of one of the alternative penalties of the law, the power of the court was at an end.... Since one valid alternative provision of the original sentence has been satisfied, the petitioner is entitled to be freed of

further restraint." *Id.* at 52, 63 S.Ct. at 471.

Similarly, the Ninth Circuit in *United States v. Edick*, 603 F.2d 772 (9th Cir.1979) (*Edick*), held that a court lacks authority to impose a second consecutive sentence after the defendant has served one sentence for the offense. Edick was convicted on a two-count indictment of possession of an unregistered sawed-off shotgun in violation of 26 U.S.C. § 5861(d) and of possession of the same firearm not identified by serial number in violation of 26 U.S.C. § 5861(i). Although the Ninth Circuit, in *United States v. Clements*, 471 F.2d 1253 (9th Cir.1972), and prior to *Edick*, had held that consecutive sentences could not be imposed for different counts arising from a single transaction violating different provisions of 26 U.S.C. § 5861, the district court sentenced Edick to imprisonment for three years on Count one and five years on Count two. The five-year sentence was suspended and Edick was placed on probation for five years; probation was to commence after Edick served the three year prison term. The three year prison term was later "reduced to time served as of June 15, 1976."

Approximately two years after Edick's release from custody, the district court revoked his probation for violation of the conditions of probation and imposed a new sentence of three years imprisonment on Count two. The Ninth Circuit, relying in part on this Court's decision in *Holbrook v. United States*, 136 F.2d 649 (8th Cir.1943) (*Holbrook*), concluded that "the district court lost the power to resentence Edick on count two once he had satisfied his sentence on count one." *Edick*, 603 F.2d at 778; *but see Rollins v. United States*, 543 F.2d 574, 575 (5th Cir.1976) (per curiam) (sentence vacated and remanded for resentencing although defendant had served one of the two sentences for violations of separate provisions of 26 U.S.C. § 5861).

Most recently after the panel decision in the present case, the Fifth Circuit in *United States v. Holmes*, 822 F.2d 481 (5th Cir.1987) (*Holmes*), decided a case very similar to *Lange*. Pursuant to a plea agreement with the government, the defendant pleaded guilty to an information charging him with contempt and the government agreed to dismiss the indictment charging other offenses. On the same day the defendant filed a waiver of indictment, the court allowed the information to be filed, accepted defendant's plea of guilty, and entered the judgment of guilty on the defendant's plea. On December 11, 1985 (approximately six months after the plea was entered) the court imposed a sentence of a $10,000.00 fine and one year in prison. On the same day the defendant tendered the $10,000.00 in full to the deputy clerk of the district court which the clerk accepted. The defendant also paid the $50.00 special assessment imposed by the court. Six days later, on December 17, 1985, the defendant filed a Rule 35(a) motion to vacate as illegal, that part of his sentence ordering imprisonment. The district court denied the motion and the defendant appealed. *Holmes*, 822 F.2d at 484–85.

The Fifth Circuit held that the defendant had been charged in the information with only one offense although the information specified three acts undertaken by the defendant to accomplish the offense, and the applicable statute authorized either a fine or imprisonment. *Holmes*, 822 F.2d at 495. The court concluded that the defendant's payment of the $10,000.00 fine was full satisfaction of one of the sentences imposed and thus, the imposition of the second sentence of imprisonment was in violation of the double jeopardy clause. *Id.* at 498–99.

The critical factor in the cases discussed above is that the defendant had legally satisfied one of the illegally imposed multiple sentences. In the cases relied on by the State the defendant had not legally satisfied one of the sentences. This Court in *Holbrook*, relied on by the Ninth Circuit in *Edick*, similarly held that the district court had the option of vacating either of two sentences improperly imposed only "up to the time there has been a legal satisfaction of one of the sentences." *Holbrook*, 136 F.2d at 652. Holbrook had received consecutive sentences of twenty (20) years

and five (5) years imprisonment under a federal bank robbery statute, although the statute did not permit multiple punishments for violation of several provisions of the statute. *Id.* Relying on *Lange* and *Bradley,* Holbrook contended that he was entitled to be released because he had served more than five years, the length of one sentence. This Court held that Holbrook had not completely served either the 5–year sentence or the 20–year sentence because the 20–year sentence was to be served before the 5–year sentence. Consequently, the district court still had the power to correct the illegal sentence by vacating the 5–year sentence and permitting the 20–year sentence to stand. *Id.; see also Hardy v. United States,* 292 F.2d 192, 194 (8th Cir.1961).

We believe that the panel majority failed to make this important distinction in its determination that *Morris v. Mathews* permits the double jeopardy violation to be cured by "changing the jeopardy-barred felony murder conviction to a non-jeopardy-barred lesser included offense." *Thomas v. Morris,* 816 F.2d at 371. The defendant in *Morris v. Mathews* was first convicted of a charge of aggravated robbery. Subsequently, he was also convicted of a charge of felony murder when the State discovered he had committed a homicide along with the robbery. *Morris v. Mathews,* 475 U.S. at 241, 106 S.Ct. at 1035. The Supreme Court held the two convictions violated the double jeopardy clause. *Id.* at 244, 106 S.Ct. at 1037. The Court concluded, however, that the jury had implicitly found the defendant guilty of the lesser included offense of murder, which was not jeopardy-barred. The Court, therefore, held that modifying the felony murder conviction to a conviction for the lesser included offense of murder would cure the double jeopardy violation, so long as the defendant could not demonstrate prejudice from being charged with the felony murder offense. *Id.*

The critical difference between *Mathews* and the present case is that the defendant in *Mathews* had not fully satisfied either the sentence for the aggravated robbery or the sentence for the felony murder. In the present case Thomas had fully satisfied the sentence for the attempted robbery. This same important distinction runs through the cases of *Lange, Bradley, Edick, Holmes,* and *Holbrook,* a distinction which we find determinative here.

■ The State lastly argues that the present case is distinguishable from *Lange* and *Bradley* because those cases dealt with multiple punishments of a different quality, imprisonment and a fine. The State cites no authority, and we believe there is none, for the proposition that the double jeopardy clause permits multiple punishments of a similar quality for the same offense. In summary, we hold that Thomas had legally satisfied the 15–year sentence for the attempted robbery and that his continued confinement for the felony murder offense violated his double jeopardy rights. Thus, we reverse the judgment of the district court and remand the case to the district court with instructions to issue the writ of habeas corpus in accordance with this opinion.

BOWMAN, Circuit Judge, with whom GIBSON, FAGG and WOLLMAN, Circuit Judges, join, dissenting.

I dissent from the holding of the Court that the double jeopardy clause has been violated in this case. The result of the Court's decision is that Thomas, who was convicted of attempted robbery and felony murder and originally sentenced to consecutive prison terms of fifteen years and life, will be released immediately, having served only seven years of his fifteen-year sentence on the attempted robbery conviction. He will go free on the basis of a series of fortuitous events. Because the governor commuted Thomas's attempted robbery sentence before the state trial court was able to vacate it in accordance with the holding (several years after Thomas's conviction) of the Missouri Supreme Court in *State v. Morgan,* 612 S.W.2d 1 (Mo.1981) (en banc) (prohibiting imposition of sentences on both felony murder and the underlying felony), the Court finds that Thomas cannot be required to serve the life

sentence on his felony murder conviction.[1] I respectfully disagree.

In vacating the felony murder sentence because Thomas has served the commuted sentence for attempted robbery, the Court relies upon dicta in *Holbrook v. United States*, 136 F.2d 649, 652 (8th Cir.1943), which suggests that if one of two consecutive sentences has been served, and the Court must vacate one of those sentences, then *Ex parte Lange*, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1873), controls and requires the uncompleted sentence to be vacated and the prisoner to be released. I disagree with the dicta in *Holbrook* and find the Court's reliance on *Lange* and *In re Bradley*, 318 U.S. 50, 63 S.Ct. 470, 87 L.Ed. 608 (1943) to be misplaced.[2]

In both *Lange* and *Bradley*, the sentencing court simultaneously imposed both a fine and imprisonment for a single offense, although at the time of sentencing only one of those two alternative punishments could properly be imposed under the applicable statute. By the time the sentencing judge discovered his mistake, the defendant already had paid the fine. Because the nature of the alternative punishments was different, and because the fine and imprisonment were unauthorized cumulative punishments for a single statutory offense, the Supreme Court held in each case that the double jeopardy clause was implicated. As

the Court noted in *Lange*, reimposition of the year-long prison sentence following payment of the fine and five days in jail would result in more punishment than was authorized by statute. It stated:

> The court, through inadvertence, imposed both punishments, when it could rightfully impose but one. After the fine was paid and passed into the treasury, and the petitioner had suffered five days of his one year's imprisonment, the court changed its judgment by sentencing him to one year's imprisonment from that time. If this latter sentence is enforced it follows that the prisoner in the end pays his two hundred dollars [sic] fine and is imprisoned one year and five days, being all that the first judgment imposed on him and five days' imprisonment in addition. And this is done because the first judgment was confessedly in excess of the authority of the court.

85 U.S. (18 Wall.) at 175.

The circumstances surrounding Thomas's conviction and sentencing are far different from those in *Lange* and *Bradley*. The illegality in the state of Missouri of imposing two sentences when a defendant has been convicted of both felony murder and an underlying felony was not established until 1981. Thomas was sentenced in 1973. At that time, the sentencing court could not possibly have known that its imposition of

---

**1.** Under today's decision, Thomas effectively slips through a judicially manufactured crack in the criminal justice system, even though his early release contravenes not only the intent of the sentencing court, but also the intent of the Missouri legislature as expressed in the current statutory punishment for felony murder. In 1984, the Missouri legislature revised the statutory treatment of felony murder, with the result that *State v. Morgan*, and *State v. Olds*, 603 S.W.2d 501 (Mo. 1980) (en banc), which looked to legislative intent to determine that the double jeopardy clause was offended by the imposition of sentences for both felony murder and the underlying felony, are no longer a valid statement of that intent. Murder in the second degree, of which felony murder is one example, is now classified as "a class A felony, and the punishment for second degree murder shall be in addition to the punishment for commission of a related felony or attempted felony, other than murder or manslaughter." Mo.Rev.Stat.

§ 565.021(2) (Supp.1984). Thus, if Thomas were convicted today, and the same sentences were imposed, then under *Whalen v. United States*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980), the Court would have to find that the double jeopardy clause had not been violated. Thomas's sentences for both attempted robbery and felony murder would stand.

**2.** Indeed, the concurring opinion in *Holbrook* notes that up to that time, no circuit court of appeals had found *Lange* to be applicable beyond its narrow facts, *i.e.*, in the situation of "statutory alternative sentences" for the same offense. *Holbrook*, 136 F.2d at 653 (Stone, J., concurring). This is not such a case. Rather, it is a case in which Thomas was sentenced for two separate offenses, with the Missouri Supreme Court deciding long after the fact that he could be sentenced for one or the other, but not both.

a sentence for each conviction would later be found unlawful. Moreover, the two sentences were not alternative statutory punishments for one offense. Rather, they were two separate statutory punishments for two separate offenses. Finally, the two punishments were of the same nature—imprisonment—and thus were interchangeable, whereas the punishments in *Lange* and *Bradley* were not.[3]

The double jeopardy clause "protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed. 2d 656 (1969). In *Pearce*, the Supreme Court interpreted this language to mandate that, when resentencing is required following a new trial, time already served under the old sentence be credited toward the new sentence. The state trial court's order in the present case, vacating the attempted robbery sentence and crediting the time already served thereunder toward the life sentence for felony murder, is responsive to Thomas's claim that he cannot be twice punished for the same offense. In accordance with *State v. Morgan*, Thomas is serving only the sentence imposed on one of his two original convictions. Thomas's felony murder sentence is not increased by this order, and the result is in accord with the holding in *Pearce*. Thomas correctly asserts that the double jeopardy clause prohibits the State from requiring him to serve both sentences. However, the double jeopardy clause does not require that Thomas be given the choice of which of two simultaneously imposed prison sentences he is to serve when it transpires that he cannot be made to serve both.[4]

The Court's double jeopardy holding in the present case, when viewed together with earlier Eighth Circuit precedent, produces strangely anomalous results. First, in today's holding the Court ignores Eighth Circuit precedent establishing that the intention of the sentencing judge is the determinative factor in deciding which of two sentences to vacate when both sentences cannot stand together. *Jones v. United States*, 396 F.2d 66, 69 (8th Cir.1968), cert. denied, 393 U.S. 1057, 89 S.Ct. 695, 21 L.Ed.2d 697 (1969); *Sawyer v. United States*, 312 F.2d 24, 27–29 (8th Cir.), cert. denied, 374 U.S. 837, 83 S.Ct. 1888, 10 L.Ed.2d 1058 (1963); see also *United States v. Pietras*, 501 F.2d 182, 188 (8th Cir.), cert. denied, 419 U.S. 1071, 95 S.Ct. 660, 42 L.Ed.2d 668 (1974). Today's holding dictates that decisive weight be placed upon the order in which the sentences were imposed; i.e., that the sentencing judge first sentenced Thomas on Count I to a 15–year term for attempted robbery, and thereafter on Count II to a consecutive life sentence for felony murder. Under the Court's analysis, Thomas's claim of double jeopardy would be baseless if the sentencing judge had simply reversed the order in which the prison sentences were to be served. See *Holbrook*, 136 F.2d at 652. Surely the question of whether a convicted

---

**3.** These factors also distinguish the present case from *United States v. Holmes*, 822 F.2d 481 (5th Cir.1987), in which the statute under which the defendant had pleaded guilty authorized either a fine or imprisonment, but not both.

*United States v. Edick*, 603 F.2d 772 (9th Cir. 1979), is similarly distinguishable from the present case, since in *Edick* the punishments imposed were alternative statutory punishments and were not interchangeable. Edick was sentenced to imprisonment for three years on Count I and to a consecutive five year term of probation on Count II. The Ninth Circuit stated:

> Here, the trial court's error was to subject Edick to two punishments when ... only one was authorized. Either prison time or probation was valid under the statutory alterna-

tives, but, to avoid an illegal cumulation of punishment, the sentences had to be imposed concurrently. Manifestly, prison time and probation cannot be served concurrently. *Id.* at 777.

**4.** The Fifth Circuit has held accordingly, remanding the case for vacation of the shorter of two consecutive sentences after it had been fully served. *Rollins v. United States*, 543 F.2d 574 (5th Cir.1976); cf. *United States v. Hodges*, 628 F.2d 350, 353 (5th Cir.1980) ("This Court has consistently held that resentencing to the maximum penalty authorized by law is permitted when the aggregate of the illegally imposed consecutive sentences equals or exceeds the maximum for which the court lawfully could have sentenced the defendant.").

murderer is to serve the life term that the sentencing authority plainly intended he was to serve should not be decided on a basis so essentially whimsical. As the Supreme Court remarked in *Bozza v. United States,* 330 U.S. 160, 166–67, 67 S.Ct. 645, 648–49, 91 L.Ed. 818 (1947), "The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner." The Court also rejected the sporting game approach to double jeopardy in *Green v. United States,* 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961). In *Green,* the defendant argued that, when the trial court imposed two sentences for the same offense, the court lost its power to sentence further once it had issued the first sentence, and therefore that only the first, shorter sentence was valid. The Court responded that it was the intention of the trial judge and not the order of sentencing that was to govern:

> Although petitioner is technically correct that sentences should not have been imposed on both counts, the remedy which he seeks does not follow. This is not a case where sentence was passed on two counts stating alternative means of committing one offense; rather, the third count involved additional characteristics which made the offense an aggravated one—namely, putting persons in jeopardy of life by use of a dangerous weapon. Plainly enough, the intention of the district judge was to impose the maximum sentence of twenty-five years for aggravated bank robbery, and the formal defect in his procedure should not vitiate his considered judgment.

365 U.S. at 306, 81 S.Ct. at 656.

I believe that similar logic applies in the present case. The original error in sentencing Thomas was made in good faith reliance on existing Missouri law. The subsequent change in Missouri law and the ensuing commutation of the attempted robbery sentence should not be available to Thomas as a basis for nullifying the felony murder sentence. In vacating the attempted robbery sentence, the state trial court vindicated what clearly would have been the intent of the sentencing court had the illegality of the double sentencing been apparent at the time of sentencing. The law of Missouri authorizes a life sentence for felony murder and it is clear that the sentencing court intended that Thomas should serve a life sentence. In these circumstances, it is little short of preposterous that the sequence in which the consecutive sentences were pronounced should provide a basis for Thomas's early release.

The extreme hypertechnicality of today's decision is illustrated further by the point that had Thomas been sentenced to concurrent, rather than consecutive, sentences of fifteen years and life imprisonment, commutation of the fifteen-year sentence would not provide a basis for his early release on double jeopardy grounds. In keeping with *United States v. Leather,* 271 F.2d 80 (7th Cir.1959), *cert. denied,* 363 U.S. 831, 80 S.Ct. 1602, 4 L.Ed.2d 1525 (1960), this Circuit held in *Hardy v. United States,* 292 F.2d 192 (8th Cir.1961), that completion of the shorter of two concurrent sentences does not excuse the prisoner from serving the longer of those sentences when one of them must be invalidated. The Court stated:

> [T]he right of the court in such a situation to simply vacate the shorter sentence and allow the longer one to stand has been recognized. Appellant argues, however, that here his 10–year sentence had been served, so that there was no right to vacate it, and that consequently only the 20–year sentence was capable of being set aside. A similar situation and contention were involved in *United States v. Leather* ... where the court held that the longer sentence standing on the record would legally constitute the measure or the term of the punishment in the situation, unless the trial court saw fit to vacate it, and that the shorter concurrent sentence thus would, while the two sentences stood together, have incidence only in relation to this controlling measure or term of his punishment.

The court accordingly upheld the right of the trial court in that case, as here, to vacate the shorter sentence, even though the defendant had by that time been confined for a period equal to its length.... We are in agreement with the *Leather* case.

*Id.* at 194–95. In today's decision, the Court fails to offer any coherent reason for its conclusion that the consecutive rather than concurrent nature of Thomas's prison sentences breathes life into a double jeopardy claim that otherwise would have been dead on arrival.

In addition, the Court's decision brings about yet another anomalous result. When one of two prison sentences must be vacated, and the shorter of the two already has been served, today's decision has the unfortunate result of stripping the sentencing judge of authority to determine which sentence to vacate when the sentences are consecutive, while leaving the sentencing judge with such authority unfettered when the sentences are concurrent. This result defies logical explanation. The more serious crimes deserve more severe punishment, and, as a general proposition, the more reprehensible the crimes, the more likely it is that the sentencing judge will impose consecutive prison sentences on the separate counts of which the defendant is convicted. The Court offers no constitutional theory to justify the anomaly it thus creates.

I believe that release of Thomas on double jeopardy grounds is not required by either Supreme Court precedent or the law of this Circuit, much less by the language of the double jeopardy clause itself. Release of a prisoner properly convicted of both attempted robbery and felony murder after service of only the sentence on the attempted robbery conviction removes logic and judicial control from the sentencing process. Plainly, if the decision in *State v. Morgan* had been handed down before Thomas's sentencing, the sentencing court would have sentenced him on the more serious of the two convictions and would have imposed only the life sentence for the felony murder. This is not, as in *Lange*, a situation in which the judge, having clear precedent or statutory guidance before him, mistook his authority to impose cumulative sentences. Instead, this is a case in which the law changed long after the sentencing occurred. Thomas seeks to take advantage of that change and to gain his early release on the basis of an argument that mocks and trivializes the double jeopardy clause's important purpose of preventing multiple punishments for a single crime. Under the sentencing order to which Thomas presently is subject, he would suffer only one punishment: the life sentence for felony murder. The time he already has served on the fifteen-year sentence for attempted robbery would count toward his completion of the life sentence. He therefore would serve in total not one day more than the period of confinement that a life sentence entails. I cannot agree that requiring him to serve this properly imposed sentence offends the double jeopardy clause. Accordingly, I would affirm the order of the District Court.

In addition, I continue to believe that, if a double jeopardy violation is found, the prosecution should be afforded an opportunity to cure the violation by returning to the state trial court for proceedings consistent with *Morris v. Mathews*, 475 U.S. 237, 106 S.Ct. 1032, 89 L.Ed.2d 187 (1986). I will not repeat here what already has been said on this matter in the panel opinion. *See Thomas v. Morris*, 816 F.2d 364, 370–71 (8th Cir.1987).