**Steven LANE, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 55376.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 29, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 4, 1989.

Application to Transfer Denied
Nov. 14, 1989.

David C. Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Ronald L. Jurgeson, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Defendant/movant/appellant, Steven Lane, appeals the motion court's denial of his Rule 29.15 motion after an evidentiary hearing. Defendant relies on two points on appeal. First, defendant asserts that the motion court clearly erred by refusing to find ineffective assistance of trial counsel. Secondly, defendant asserts that the motion court erred in denying his double jeopardy claim as to his conviction and sentence for felony murder. We affirm in part and modify in part.

The record reveals that defendant, Lane, was convicted by a jury in 1977 of attempted robbery by means of a dangerous and deadly weapon, RSMo § 560.120 (1969) (repealed effective 1/1/79), robbery in the first degree by means of a dangerous and deadly weapon, RSMo § 560.120 (1969) (repealed effective 1/1/79), and felony murder in the first degree RSMo § 559.007 (1975 Supp.) (effective 9/28/75) (repealed 5/26/77). The trial court sentenced defendant to nine years on Count I, attempted robbery, fifteen years on Count II, first degree robbery, and life imprisonment on Count III, felony murder. The sentences were set to run consecutively.

Defendant appealed his convictions and sentences to this court wherein his conviction of first-degree felony murder was reversed and remanded. The State's application for transfer was sustained by the Supreme Court of Missouri. The Supreme Court reversed the trial court as to Count I, attempted robbery, but affirmed Count II, first degree armed robbery and Count III, felony murder based on Count I. In reversing the attempted robbery conviction on double jeopardy grounds the court stated; "One cannot legally be convicted of both the underlying felony, which is the necessary lesser included offense of first-degree felony murder, and for first-degree (felony) murder." *State v. Lane*, 629 S.W.2d 343, 344 (Mo. banc 1982).

On February 19, 1988, defendant filed a *pro se* motion pursuant to Rule 29.15. On

May 10, 1988, appointed counsel filed an amended motion. An evidentiary hearing was held on June 23, 1988, at which defendant and defendant's trial counsel, Frank Fabbri, testified. On July 20, 1988, the motion court denied defendant's Rule 29.15 motion. Defendant subsequently appealed to this court for relief.

An understanding of the factual situation from which defendant's convictions arose will aid in understanding this court's resolution of the issues on appeal. The facts will be presented in the light most favorable to the State in accordance with the convictions. On the morning of February 12, 1976, at approximately 8:00 a.m., Claude Robinson arrived for work at his business, B & B Cleaners. Shortly thereafter, Robinson's friend and part-time assistant, Benjamin Franklin Johnson arrived to help Robinson work on a boiler in the back of the store. Mr. Robinson was seventy-eight years old at the time of trial and Johnson was similarly advanced in age.

While Johnson was emptying a bucket of boiler water in the bathroom Robinson noticed defendant, Steven Lane, enter B & B Cleaners. Before Robinson had a chance to wait on defendant, whom he presumed was a customer, defendant was standing over him with a gun at his head. When Johnson returned from emptying the water, defendant demanded that both men assume a prone position behind a clothes rack. Defendant told both men to hand over their billfolds. After Robinson had given defendant his billfold, Johnson grabbed defendant around the legs. At this point defendant shot and fatally wounded Johnson. Defendant returned to the front of the store and then demanded that Robinson come and open the cash register. After Robinson had opened the register and removed the cash he reached for the gun he kept at the cleaners. Defendant saw the weapon and gun fire erupted. Two of Robinson's shots found their mark and defendant fell to the floor. When the police arrived they found Robinson standing over defendant with gun in hand and Johnson dead.

In defendant's first point on appeal, he asserts that his trial counsel was inef-fective for failing to call as witnesses Johnson's wife and niece, Mrs. Johnson and Joyce Roberts. Defendant alleges that trial counsel knew these witnesses and their whereabouts. Defendant further alleges that trial counsel knew these witnesses' testimony would have impeached Robinson's credibility by revealing his motivation to lie.

At the outset this court notes the standard of review in a Rule 29.15 appeal. Appellate review of a denial of postconviction relief is limited to a determination of whether the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 29.15(j); *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). The motion court's findings and conclusions are clearly erroneous only if review of the entire record leaves this court with a definite and firm conviction that a mistake has been made. *Curtis v. State*, 759 S.W.2d 860, 861–62 (Mo.App., E.D.1988).

Furthermore, in order to prove ineffective assistance of counsel, the "defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). Additionally "the defendant must show that there is a reasonable probability that but for counsel's unprofessional errors the result of the proceeding would have been different." *Id.* 104 S.Ct. at 2068. Trial counsel is strongly presumed to have rendered adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment. *Id.* 104 S.Ct. at 2065. When alleging ineffective assistance of trial counsel a defendant must overcome the presumption that counsel is competent. *Sanders v. State,* 738 S.W.2d at 857.

At the 29.15 motion hearing movant/defendant asserted that both Joyce Roberts and Mrs. Johnson had contacted his mother after reading newspaper accounts of the incident. Defendant alleged that Joyce Roberts had information that Claude Robinson had previously threatened to kill her uncle, Frank Johnson, because of a debt owing to Robinson. Defendant further alleged that Joyce Roberts, if called at

trial, would have testified that Frank Johnson was carrying between three and seven hundred dollars at the time of the incident which was never recovered. Additionally, defendant stated that Mrs. Johnson would have testified at trial, again based on an alleged phone call to defendant's mother who is now deceased, that it was not possible for her husband to grab defendant's waist from a sitting position due to a bad back.

Defendant's trial counsel subsequently testified at the 29.15 motion hearing. Mr. Fabbri stated both on direct and cross-examination, that he did not recall being informed as to either of these witnesses. Fabbri further testified that if he was informed as to these witnesses, he must not have thought it would be appropriate to call them at trial.

The motion court, in denying defendant's 29.15 claim, obviously chose to believe defendant's trial counsel rather than defendant. "The credibility of witnesses is for the motion court's determination...." *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App., E.D.1986). Moreover the motion court is free to believe or disbelieve any evidence whether contradicted or undisputed. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). Defendant's testimony as to these witnesses is wholly uncorroborated. Defendant did not present Joyce Roberts to substantiate his story or give any indication that she was unavailable.

If a defense attorney has no notice that a witness exists, he cannot be held ineffective for failing to call that witness to testify. *Robinson v. State*, 643 S.W.2d 8, 10 (Mo.App., E.D.1982). Alternatively, counsel's decision regarding which witnesses should testify and whether they would be helpful, is a matter of professional judgment and is not an adequate ground to find counsel ineffective. *Smith v. State*, 736 S.W.2d 516, 517 (Mo.App., E.D.1987).

Even if defendant had proven that his trial attorney failed to call witnesses whose identities and whereabouts were provided, defendant fails to carry his burden. The proposed witnesses prospective testimony goes only to impeachment of Claude Robinson. These facts do not warrant relief "because they do not provide movant with a defense, but merely impeach the State's witnesses." *Allbritton v. State*, 747 S.W.2d 687, 689 (Mo.App., E.D.1988). Point denied.

■ In defendant's second point on appeal, he assigns as error the motion court's denial of his double jeopardy claim. Defendant contends that his sentence for Count III, first degree felony murder, should now be vacated because he satisfied the sentence illegally imposed on Count I, the underlying felony in connection with Count III. Defendant asserts that the above proposed result is mandated by *Thomas v. Morris*, 844 F.2d 1337 (8th Cir.1988). This argument is without merit.

In *Thomas* the defendant was convicted of attempted robbery as the underlying felony and felony murder based thereon. Defendant was sentenced to (15) fifteen years for attempted robbery and life imprisonment for felony murder. After serving (8) eight years on the attempted robbery count that sentence was commuted by the governor. Thereafter on a motion for postconviction relief a state trial court vacated the attempted robbery sentence and credited the time served to defendant's life sentence for felony murder. *Id.* at 1338.

On appeal defendant contended that he was entitled to immediate release. Defendant argued that because the shorter commuted sentence was satisfied, his continued confinement for the life sentence on felony murder constituted double jeopardy under the fifth amendment.

In *Thomas* defendant was denied relief by this court as well as the federal district court. Eventually defendant's appeal was heard by the United States Court of Appeals for the Eighth Circuit en banc. *Thomas v. Morris*, 844 F.2d 1337 (8th Cir. 1988). The majority opinion cited *State v. Cerny*, 248 S.W.2d 844, 845 (Mo.1952) for the proposition that the governor's commutation constituted legal satisfaction of the fifteen year sentence for attempted robbery. *Thomas*, 844 F.2d at 1340. The court held, "that Thomas had legally satisfied the 15–year sentence for the attempted robbery and that his continued confinement for the felony murder offense violated his

double jeopardy rights." *Id.* at 1342. Therefore, the court reversed the judgment of the district court and remanded the case to the district court with instructions to issue the writ of habeas corpus. *Id.* at 1342. Defendant's reliance on this case, although understandable, is misleading and erroneous. The United States Supreme Court reversed the result and overruled the reasoning of the Eighth Circuit's opinion in *Jones v. Thomas,* — U.S. —, 109 S.Ct. 2522, 105 L.Ed.2d 322 (1989).

The Court noted that in the multiple punishments context the constitutional protection afforded a defendant is limited to ensuring that sentencing courts do not exceed the sentencing limits prescribed by the legislature. *Jones v. Thomas,* — U.S. at —, 109 S.Ct. at 2523. Therefore, the court held that defendant's rights were fully vindicated by the motion court's vacating the attempted robbery conviction and sentence and crediting the time served toward the remaining life sentence for felony murder.

In the case at hand, like in *Thomas,* the defendant's conviction for the underlying felony and felony murder gave rise to a double jeopardy claim only because the Missouri legislature did not intend to allow conviction for both. *Missouri v. Hunter,* 459 U.S. 359, 366–367, 103 S.Ct. 673, 678–679, 74 L.Ed.2d 535 (1983). In *Thomas,* as in this case, the sentence for the underlying felony was vacated after the defendant had served considerable time toward its completion. This court deems the remedy approved by the United States Supreme Court in *Thomas* appropriate. We credit defendant's time served on the vacated attempted robbery sentence to his life sentence for felony murder.

The motion court's denial of appellant's Rule 29.15 motion after an evidentiary hearing is affirmed in part and modified in part.

GRIMM, P.J., and KAROHL, J., concur.